NEWMAN E COLE v. THE LAKE SHORE & MICHIGAN SOUTHERN RAILWAY COMPANY.

*Railroad companies—Fires originating on right of way—Evidence —Instructions.*

1. In an action to recover for the destruction of plaintiff's barn by fire, caused, as claimed, by the negligent burning of grass and other refuse upon defendant's right of way by its employés, a witness was asked how he remembered that the wind was blowing so hard the morning of the fire, and answered, "We spoke about it, Mr. Buck and myself." And it is held that the evidence was admissible, within the rule laid down in *Angell v. Rosenbury,* 12 Mich. 257; *Railroad Co. v. Van Steinburg,* 17 Id. 107.

2. A request to charge, which failed to recognize a right to recover for setting the fire at an improper time, was properly refused, and a request which made the setting of the fire under circumstances customary with prudent railroad men the test was properly modified by omitting the word "railroad," while a request for an instruction that, if the fire was carefully set and carefully guarded, there could be no recovery, was properly refused, the propriety of setting the fire at the time it was set being omitted, or, if comprehended under the words "carefully set," it being susceptible of misinterpretation.

Error to Branch. (Yaple, J.)   Argued May 9, 1895. Decided May 28, 1895.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

· *C. E. Weaver* (*George C. Greene* and *O. G. Getzen-Danner*, of counsel), for appellant.

· *Campbell & Johnson* and *Charles N. Legg*, for plaintiff.

HOOKER, J. The plaintiff obtained a judgment against the defendant for the destruction of a barn by fire, which he claimed to have been caused by the negligent burning of grass and other refuse upon defendant's railroad by its employés. The principal claim urged upon the oral argument was that the court erred in not directing a verdict for the defendant, it being contended that there was no evidence tending to support the case beyond conjecture. It would serve no useful purpose to review the evidence upon this question, and it is enough to say that, in our opinion, it was proper to permit the case to go to the jury. This covers the questions to which counsel called special attention, which their brief says may be included in the following propositions, viz.:

1. The testimony given on the trial did not in any appreciable degree tend to show that the fire in the barn originated from the fires on the railway grounds.

2. There was no proof tending to show that the fires on the railway grounds were wrongfully or negligently set.

3. There was no proof tending to show that the fires were negligently cared for.

We incline to the opinion that this covers the questions that counsel rely upon, but, as the brief mentions others, we notice them.

A witness for plaintiff was asked:

"*Q.* How do you remember that the wind was blowing so hard that morning?

"*A.* We spoke about it,—Mr. Buck and myself."

The evidence was admissible within the rule laid down in *Angell v. Rosenbury*, 12 Mich. 257; *Detroit & Milwaukee R. R. Co. v Van Steinburg*, 17 Id. 107.

A witness testified to the direction and force of the wind that morning at a place four of five miles distant.

Exception was taken to this, but, as the testimony was stricken out, it is unnecessary to discuss it.

Error is assigned upon the refusal to give several requests to charge. Most of them are covered by what has been said. As to the others, while not given verbatim, they were fully and fairly covered by the charge. Several of them should not have been given, as they omitted to fully state the law. Thus, the third failed to recognize a right to recover for setting fire at an improper time. Again, the fourth made the setting of fire under circumstances customary with prudent *railroad* men the test. The court properly omitted the word "railroad." The fifth was:

"If the fires were carefully set and carefully guarded, there can be no recovery."

Here again the propriety of setting the fire at the time is omitted, or, if comprehended under the words "carefully set," it was susceptible of misinterpretation. The charge made the subject clear, and that is sufficient.

We discover no error, and the judgment must be affirmed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.