GRENELL *v.* MICHIGAN CENTRAL RAILROAD CO.

124   141
s82NW  843
129   483
124   141
148  ¹371
148  ¹373

1. RAILROADS—ACCIDENT AT CROSSING—INFANTS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

   Plaintiff, a boy 13 years old, while driving across defendant's track, was struck by a freight train, which, according to his testimony, was following so close behind a regular passenger train that the noise of the latter interfered with his ability to hear the former. His witnesses testified that the freight train gave no signals for the crossing. The testimony further tended to show that he stopped his horses at the top of a hill, from which the road sloped through a cut to the track, and that he started down the hill as soon as the passenger train had passed, and, when he saw his peril, did all that he could to hold back the team. *Held,* that the evidence did not show contributory negligence as a matter of law.

2. SAME—STATUTORY SIGNALS—CONFLICTING TESTIMONY.

   In an action for personal injuries received at a railroad crossing, the testimony of witnesses who swear, not merely that they did not hear the statutory signals, but positively that none were given, when contradicted by the equally positive testimony of the trainmen that the whistle was blown for the crossing, raises a question proper to be left to the jury.

3. SAME—TIME OF ACCIDENT.

   Although the testimony of a train crew as to the time of an accident is the only direct testimony upon that subject, and if true, when taken in connection with the train-sheets showing the movements of trains, renders it impossible that two trains were running in immediate proximity, as claimed by plaintiff, it is not necessarily conclusive, where other witnesses who saw the trains testify in support of plaintiff's theory.

4. SAME—WITNESSES—REASON FOR RECOLLECTION.

   Where a witness testified that a train did not whistle for a crossing, it was competent, for the purpose of showing his reason for recollecting it, to show that the fact was a subject of conversation at the time.

5. PERSONAL INJURIES—INFANT PLAINTIFF—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

   An instruction, in an action by a 13-year-old boy for personal

injuries, to the effect that plaintiff was required to exercise only the care and prudence of the average person of his age, is not open to objection on the ground that the declaration contains no averment that plaintiff was not bound to exercise the same degree of caution as an adult.

6. Railroads—Accident at Crossing—Proximity of Trains—Instructions.

Where plaintiff was injured at a dangerous crossing by a train closely following another, and the issue was whether defendant kept its trains a sufficient distance apart, an instruction that, if extra danger existed, the defendant, as well as the plaintiff, was bound to use extra precaution, and if the defendant ran its trains so close together when they crossed the highway that the noise of the first would drown the sound of the whistle on the second, and thus render unavailing the statutory warning, this would make it the duty of defendant to approach the crossing with its rear train with a greater degree of care than if there were nothing to prevent the signal from being heard, was not objectionable

Error to Cass; Smith, J. Submitted April 13, 1900. Decided May 15, 1900.

Case by Leon Grenell, an infant, by Frank Grenell, his next friend, against the Michigan Central Railroad Company, for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff, a boy 13 years of age, while driving a load of wood, drawn by two horses, across the defendant's track, was struck by the engine of an extra freight train, and seriously injured. The land on both sides of the track is considerably higher than the track. The highway approaches the track from each side through a cut. The grades are quite steep. The accident occurred December 31st. The ground was hard and frozen. When at the top of the hill, plaintiff was 12 rods from the crossing. The employés of the railroad company testified that the crossing was a very dangerous one. A regular passenger train was about due. The plaintiff's father was cutting wood near by, and after he completed the load he in-

structed the boy to drive it to the house.    The father told
him that it was about time for the passenger train, and to
look out for it when he got to the top of the hill, and, if
he heard it whistle, to stop until it went by.    The boy
stopped at the top of the hill until it went by.    He then
started to drive down the hill, and was struck just as he
got upon the track.    Another freight train was following
this one.    Several witnesses testified to seeing the pas-
senger train go by, and that the first freight train came
along from 2 to 4 minutes afterwards.    Plaintiff's testi-
mony showed that the train ran about half a mile after
the whistle for "down brakes."    The negligence charged
is the failure to give the statutory signals, and the failure
to keep the trains a sufficient distance from each other so
that the sight and sound of one would not mislead the
plaintiff and put him off his guard.    Defendant claims that
the passenger train had passed this point 21 minutes before
the accident, and was then 12 miles distant from the cross-
ing; that the signals were given; and that plaintiff was
guilty of contributory negligence.

*Hulbert & Mechem* (*Henry Russel,* of counsel), for
appellant.

*M. L. Howell,* for appellee.

GRANT, J. (*after stating the facts*).    1.  We think the
question of contributory negligence belonged to the jury.
The boy was so injured that he remembered but little of
what occurred.    There was evidence that he was seen
doing his best to hold the team back, that it was very
difficult to stop a team going down the hill, and that it
could only be done by running into the bank.    The boy
had stopped at the top of the hill.    It is a very unusual
occurrence, and contrary to the rules of the company, for
one train to follow another so closely as plaintiff's testi-
mony shows was done in this case.    The rules of the com-
pany require that trains going in the same direction shall
keep 10 minutes apart.    The noise of the passenger train

might interfere with the ability to hear the freight train.

2. The testimony on the part of the plaintiff as to the statutory signals was not of a mere negative character. It was not the testimony of those who said that they were paying no attention and did not hear. On the contrary, their testimony is positive that the whistle was not blown. The testimony on the part of the trainmen was positive that it was blown. The question was therefore properly left to the jury.

3. Counsel insist that the accident occurred at 2:53 p. m., and that the passenger train was then at Daily, 12 miles from the place of the accident. It was conceded upon the trial that the passenger train reached Cassopolis at 2:44. The train-sheet shows, and the train dispatcher testified, that it was at Daily, 4.3 miles west of Cassopolis, at 2:54. Some of the freight trainmen testify positively that the time of the accident was 2:53. If these witnesses were uncontradicted, the plaintiff's case would fail, because the passenger train would then have been out of sight and hearing before plaintiff approached the crossing, or had reached the top of the hill. While the witnesses for plaintiff do not testify as to the exact time, they do positively testify that they saw the passenger train pass, and the freight train approach within 3 or 4 minutes afterwards. To hold with the defendant upon this point, we should be compelled to ignore the testimony of plaintiff's witnesses as to the immediate proximity of the two trains, and as to seeing three trains. Under this conflict of evidence, this question was properly submitted to the jury.

4. One of the witnesses for the plaintiff, who had testified that the freight train did not whistle for the crossing, was permitted to state that he and his brother conversed about it at the time. The conversation was not given. The purpose of it was to show that the witness' attention was called to the fact at the time. We think this was competent, within Cole v. Railway Co., 105 Mich. 549 (63 N. W. 647), and authorities there cited.

5. Error is assigned upon the refusal of the court to

instruct thé jury, "The plaintiff is, on his own showing, to be charged by, with, and under the same rule of contributory negligence as an adult would be." This was part of a request; the other part being, in substance, that the declaration is based upon the theory that he is chargeable with the same degree of care as an adult would have been, and that his proofs proceed upon the same theory. Plaintiff was not required, in his declaration, to assert that he was not bound to exercise the same degree of caution as an adult. The declaration sets forth his age, and that he was in the exercise of due care and caution. The proofs as to his age, experience, and manner of driving, and his conduct, were all placed before the jury. The proofs would not have been different, no matter what his age. The declaration and proofs were sufficient to justify the court in instructing the jury that the degree of care and caution he was required to observe was such as an ordinary boy of similar age, intelligence, and experience would exercise under the same circumstances. Practically, counsel demurred to the declaration and the proofs as insufficient to justify an instruction that plaintiff was only bound to exercise the care and prudence of the average person of his age. The question whether a railroad company is entitled to the exercise, on the part of all travelers upon the highway, of the care and prudence of the average adult, is not before us.

6. Error is assigned upon the refusal of the court to charge, "In this case the railroad company was not negligent in the speed of its train; for trains are not limited in the rate of speed they may run in the country and across the public highways, where the travel is limited." The request states a correct proposition of law, as we have repeatedly held, but it was not applicable to the facts of this case. The court instructed the jury that, if extra danger existed, the defendant, as well as the plaintiff, was bound to use extra precaution. There are single sentences in the instruction given which, taken alone, may be erroneous, but, read in connection with the entire charge,

124 MICH.—10.

they mean that, the greater the speed, the greater should be the care in giving warning when approaching a crossing; that its speed should not be so great as to render unavailing the warning of its whistle when given. The court then added:

"Ordinarily the giving of the statutory signals is sufficient to protect travelers upon the highway who desire to cross the railroad track; but if obstructions intervene between the train and the public highway where it crosses the track, which obstruct the view, and which would be liable to cut off the sound of the whistle or bell from those about to cross the track, such circumstances would impose an increased duty upon the railroad company to exercise additional caution in approaching the crossing. And if the company runs its trains so close together, as they cross the highway, that the noise of the first train will drown the sound of the whistle and bell on the second train, and thus render unavailing the statutory warning, this would likewise make it the duty of the company to approach the crossing with its rear train with a greater degree of care than though there was nothing to prevent the signals from being heard."

We see no error in these instructions, applied to the facts of this case.

Judgment affirmed.

The other Justices concurred.