BARNUM *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS — CROSSING ACCIDENTS — NEGLIGENCE — EVIDENCE—
SUFFICIENCY.
   In an action against a railroad company for the death of a person killed at a crossing, there being evidence that the view of deceased was obstructed in the direction from which the engine and tender approached, that there was no flagman or gates, that a train had passed in the same direction immediately before, and that no lookout was on the tender of the locomotive which backed upon the crossing and caused the injury, the question of defendant's negligence is for the jury, though no one of the facts stated, by itself, constitutes negligence. HOOKER and GRANT, JJ., dissenting.

2. SAME—NEGLIGENCE—CROSSING FLAGMAN—LOOKOUT ON BACKING TRAIN.
   It is not ordinarily negligence to neglect to have a flagman at a crossing in the absence of an order from the commissioner of railroads, though the circumstances of the particular case may be such that the absence of a flagman may be evidence of negligence; and the like is true of the absence of a lookout at the rear of a car being backed across a way.

3. SAME—ACTION—INSTRUCTIONS—SUFFICIENCY.
   In an action against a railroad company for the death of a person killed at a crossing, instructions examined, and *held*, not subject to the criticism that under them negligence of defendant could be found from the mere fact that the engine causing the injury followed another train immediately, but to properly state the elements which were to be considered in determining whether, under the circumstances, defendant was negligent.

Error to Genesee; Wisner, J. Submitted April 18, 1906. (Docket No. 79.) Reargued April 2, 1907. (Docket No. 1.) Decided May 18, 1907.

Case by Hartson G. Barnum, administrator of the estate of George F. Nixson, deceased, against the Grand Trunk Western Railway Company for the negligent killing of

plaintiff's intestate. There was judgment for plaintiff, and defendant brings error. Affirmed.

*H. Geer,* for appellant.

*Mark W. Stevens (George W. Cook,* of counsel), for appellee.

MONTGOMERY, J. This case was before the court at the October term, 1904. A judgment for the plaintiff was reversed, and a new trial ordered. *Barnum* v. *Railway Co.,* 137 Mich. 580. The case has been retried, a verdict and judgment for plaintiff entered, and defendant again brings error. It is not deemed necessary to restate the facts at length. By reference to the report of the case in 137 Mich. 580, a full statement will be found accompanied by a map showing the scene of the accident.

It is now contended that no negligence is shown on the part of the defendant, that the decedent is shown to have been guilty of negligence, and that the court was in error in submitting either question as one of fact for the jury. It is also contended that there was error in the instructions as given. The further contention is made that the court was in error in refusing a new trial based on the ground that the verdict was clearly against the weight of testimony. In our former opinion it was clearly indicated that the facts were such as to bring the case within the rule of *Breckenfelder* v. *Railway Co.,* 79 Mich. 563, as it relates to the question of the contributory negligence of plaintiff. See, also, *Grenell* v. *Railroad Co.,* 124 Mich. 141, and *Hintz* v. *Railroad Co.,* 140 Mich. 565. The facts appearing on the second trial have not weakened the case of the plaintiff in this respect.

As to the question of defendant's negligence, the court on the former hearing, while implying that this was also a question for the jury, held that there was error in submitting the case to the jury. We are of the opinion that on this record the plaintiff made a case for the consideration of the jury as to the defendant's negligence. Our view of

this question can be best expressed by a consideration of the charge of the court and the facts as stated in the former opinion in connection with the assignment of error on the charge.     The charge complained of was as follows:

"You are instructed that you must not find defendant guilty of negligence from the mere fact that the locomotive was backing over Beach street crossing following the freight train.     Safe railroading is often a matter of minutes, sometimes seconds, and it is not for juries or courts to determine what good or bad railroading requires from their own opinion, or from the fact that an accident has happened under certain conditions; but it is for you to determine, under all the circumstances, surroundings, and conditions as they existed at and near the crossing, the fact that the Pere Marquette Railroad was in close proximity, the fact that Saginaw street bridge was not in use for teams, the increase of travel, if any, over the Beach street crossing, and the amount of travel over the same, the fact that there were no flagman or gates at such crossing, the obstructions, if any, which may have obstructed the view of the track to the east of the crossing in respect to persons approaching the crossing from the north, the passing of the freight train, the following of the backing engine, its speed, and the proximity to the train, whether or not the brakeman was on the tender in position to signal the engineer in case of danger to persons making Beach street crossing, and, under all the other facts in the case, whether the defendant railroad was exercising such ordinary and reasonable care and caution as ordinary prudence would dictate in running its engine and tender, backing the same, following the freight train that had just passed Beach street going in the same direction and on the same track.     If you find that the defendant railroad was not exercising such ordinary and reasonable care and caution in its conduct as ordinary prudence would dictate, then I charge you that defendant railroad would be guilty of negligence, and plaintiff would be entitled to a judgment, if you find that such negligence of the railroad was the proximate cause of the injury, provided you further find that Mr. Nixon was exercising such ordinary and reasonable care and caution as an ordinarily prudent man would exercise under the same circumstances, surroundings, and conditions as you will find they appeared to him at that time."

It will be seen that the elements left to the consideration of the jury were an obstruction of the view of the track in the direction from which this engine and tender were approaching, the absence of a flagman and gates, the passing of the freight train immediately before, and the absence of a lookout on the tender. With these elements all stated, it was left to the jury to say whether, under all the circumstances, there was negligence. There was testimony tending to show that each element stated existed in fact, and we are of the opinion that when all these circumstances are considered it was a proper question for the jury as to whether reasonable care was exercised by the defendant. It is quite possible that no one of these facts by itself would constitute, or even evidence, negligence, and yet when all are taken together a jury be fully justified in finding negligence. It is not ordinarily negligence to neglect to have a flagman at a crossing in the absence of an order from the commissioner of railroads, and yet circumstances of the particular case may be such that the absence of a flagman may be evidence of negligence. See *Freeman* v. *Railway Co.*, 74 Mich. 86 (3 L. R. A. 594); *Willet* v. *Railroad Co.*, 114 Mich. 411; *Grenell* v. *Railroad Co.*, 124 Mich. 141; *Grand Trunk R. Co.* v. *Ives*, 144 U. S. 408; 2 Thompson on Negligence, § 1535. And so of the absence of a flagman or lookout at the rear of a car being backed across a way. *Green* v. *Railway Co.*, 110 Mich. 648; *Schindler* v. *Railway Co.*, 87 Mich. 400; 2 Thompson on Negligence, §§ 1571 and 1594.

On the former hearing it was held that it was error to charge the jury that the negligence of the defendant could be found from the mere fact that the engine followed the train immediately. It is insisted that the charge given on the last trial is open to the same objection. We do not so construe the charge. The circuit judge plainly instructed the jury in the language of our former opinion that negligence could not be found from the mere fact that the engine followed the train closely, and then added

a statement of other elements of negligence which were to be considered in determining whether *in such circumstances* the company was exercising ordinary and reasonable care.

We think the case was a proper one for the jury, and was well submitted. We are not convinced that the court was in error in refusing a new trial.

No prejudicial error being found, the judgment is affirmed.

McAlvay, C. J., and Carpenter, Blair, Ostrander, and Moore, JJ., concurred with Montgomery, J.

Hooker, J. (*dissenting*). This cause has been tried a second time, and defendant has appealed from a verdict and judgment for the plaintiff. The outlines of the case will be found in 137 Mich. 580, and the proofs are much the same upon this record as upon that. Upon that hearing we refrained from granting a new trial, upon the ground that the verdict was against the evidence, inasmuch as the case was to be reversed upon other grounds, and we did not pass upon the question of defendant's negligence. We did hold that there was that in the case which made contributory negligence a question for the jury.

The facts stated show conclusively as to most questions, and with but a little evidence to the contrary as to some of them, that the plaintiff drove his horse and wagon upon the track and stopped within a couple of rods of an approaching engine; that he had abundant opportunity to see it for a distance of 30 to 40 feet before it reached the highway, and while he was yet in a place of safety; that a brakeman, upon the footboard to make a coupling, signaled the engineer as soon as it became apparent that he intended to cross, and stepped off the engine, which was running slowly, as he well might do, to avoid injury to himself; that all of this time an automatic crossing alarm bell was clanging, and the engine

bell was ringing, and both were plainly heard by persons near; that there was no evidence that there were any other vehicles or pedestrians in the immediate vicinity, or any unusual travel on the street. There is a bare scintilla of evidence, and hardly that, upon one point, viz., the presence of the brakeman upon the engine, supporting the suggestion that he was not there at all.

It is said that the cause was properly allowed to go to the jury upon the theory that, although there was no negligence in any one of the particulars alleged, there might be in all taken together, and that the surrounding circumstances might make conduct negligent which otherwise would not be. We need not question the latter proposition as a general principle; but we are able to say that none of the things done or omitted should be made negligence by the surrounding circumstances of this case. The former contention we think unsound. We are therefore of the opinion that a verdict should have been directed for the defendant upon the ground that negligence was not shown. We are also of the opinion that the evidence most clearly shows contributory negligence, and while we think that we should not say that as a matter of law—though it is a close case upon that point—it would itself be a sufficient reason for setting aside the verdict under the statute.

The judgment should be reversed, and, as there is every reason to suppose that the full case is before us, the defendant should not be subjected to further litigation.

GRANT, J., concurred with HOOKER, J.