LEW WAH FOOK, as Guardian ad litem for Lew Suey Yet, also known as Lew Thew Yut, Appellant,

v.

Herbert BROWNELL, Jr., as Attorney General of the United States, Appellee.

No. 14106.

United States Court of Appeals, Ninth Circuit.

Jan. 14, 1955.

---

2. See Note 2 on page 919.

Brennan & Cornell, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Arline Martin, Clyde C. Downing, Max F. Deutz, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

STEPHENS, Circuit Judge.

Lew Wah Fook, guardian ad litem for Lew Suey Yet, also known as Lew Thew Yut, brings this action under § 503 of the Nationality Act of 1940, 8 U.S.C.A. § 903,[1] to have it declared by the District Court that the ward is a citizen of the United States. The guardian and the ward both claim the guardian, a citizen of the United States, is the natural father of the ward.

The trial court found contrary to the claim and the only point on appeal is that the evidence not only does not support the judgment but requires just the opposite finding.

So far as we have seen, this is the plainest of cases in which we are asked to retry the facts. Appellant asks us to apply the doctrine of the case of United States v. United States Gypsum Co., 333 U.S. 364–395, 68 S.Ct. 525, 542, 92 L.Ed. 746, wherein it is held, "Since judicial review of findings of trial courts does not have the statutory or constitutional limitations of findings by administrative agencies or by a jury, this Court (Supreme Court and this court too, of course) may reverse findings of fact by a trial court where 'clearly erroneous.' * * * A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed". This simple statement does not convert the appellate tribunals into fact finding de novo trial courts. The presumption of correctness of the trial court, the view of the witnesses and the live feel of the open forum are all ingredients of the compound which we may adjudge as valid or "clearly erroneous". By this test in the instant case, the judgment is not clearly erroneous. However, even if we should approach the problem as the original triers of fact upon the bare record, our conclusion would be the same. We briefly digest sufficient of the evidence to support our conclusions.

The guardian says he is the ward's father, and the ward says the guardian is his father. "The mere say-so of interested witnesses does not have to be accepted * * *." Flynn ex rel. Yee Suey v. Ward, 1 Cir., 104 F.2d 900–902. See Siu Say v. Nagle, 9 Cir., 295 F. 676, wherein is stated: "In cases of this character experience has demonstrated that the testimony of the parties in interest as to the *mere fact of relationship cannot be safely accepted or relied upon.* * * *"

The guardian has previously stated that a third child (following two sons) had been born a female named Lew Siu Ngoot. The child was 9 years old when the statement was made. It is claimed that the ward in this proceeding was the child referred to. The guardian testified that he thought for years the child was a girl and only found the error upon visiting the family years after the child was born. The child bore a girl's name and an elaborate, practically impossible tale was told in explanation. The court saw and heard the witnesses and stated frankly that it did not believe the story. It is true that a court cannot cast aside, without reason, a straight account of fact, but testimony as improbable, and we might say as fantastic, as the one related in this case need not be believed even if

1. Now 8 U.S.C.A. § 1503.

there is no one to go on the stand to refute it. The principle is so plain and fundamental that any citation of authorities would be superfluous. However, we cite one of the latest, Carr v. Yokohama Specie Bank, Ltd., S.F., 9 Cir., 1952, 200 F.2d 251.

Affirmed.