Francesco Paolo DE MARCO, Appellant,

v.

John Foster DULLES, Secretary of State, Appellee.

No. 11941.

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1955.

Decided July 7, 1955.

Petition for Rehearing In Banc Denied Oct. 4, 1955.

Messrs. Jack Wasserman and David Carliner, Washington, D. C., for appellant.

Messrs. Robert L. Toomey and Harold H. Greene, Asst. U. S. Attys., with whom Mr. Leo A. Rover, U. S. Atty., and Mr. Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee. Mr. William J. Peck, Asst. U. S. Atty. at the time the record was filed, also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

The judgment in this case is reversed and the case is remanded upon the authority of Soccodato v. Dulles.[1]

Reversed and remanded.

1. 96 U.S.App.D.C. ——, 226 F.2d 243 (D.C. Cir. 1955).

2. See Lew Wah Fook v. Brownell, 9 Cir., 218 F.2d 924, 925, where the court said:

"The trial court found contrary to the claim [of citizenship] and the only point on appeal is that the evidence not only does not support the judgment but requires just the opposite finding.

"So far as we have seen, this is the plainest of cases in which we are asked to retry the facts. Appellant asks us to apply the doctrine of the case of United States v. United States Gypsum Co., 333 U.S. 364–395, 68 S.Ct. 525, 542, 92 L.Ed. 746, wherein it is held, 'Since judicial review of findings of trial courts does not have the statutory or constitu-

PRETTYMAN, Circuit Judge, concurs in this result solely because of the ruling issued by the court in Soccodato v. Dulles.

BASTIAN, Circuit Judge, dissents, feeling that the findings of the District Judge are not clearly erroneous, rule 52 (a), Fed.Rules Civ.Proc. 28 U.S.C.A.[2]

tional limitations of findings by administrative agencies or by a jury, this Court (Supreme Court and this court too, of course) may reverse findings of fact by a trial court where "clearly erroneous." * * * A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed'. This simple statement does not convert the appellate tribunals into fact finding de novo trial courts. The presumption of correctness of the trial court, the view of the witnesses and the live feel of the open forum are all ingredients of the compound which we may adjudge as valid or 'clearly erroneous'. By this test in the instant case, the judgment is not clearly erroneous."