WONG HO, as Guardian ad Litem of Wong Kwok Wei, Appellant,

v.

John Foster DULLES, as Secretary of State, Appellee.

No. 15626.

United States Court of Appeals
Ninth Circuit.

Nov. 6, 1958.

Jackson & Hertogs, San Francisco, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., James R. Dooley, Richard A. Lavine, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before FEE, BARNES and HAMLIN, Circuit Judges.

BARNES, Circuit Judge.

This appeal involves one of two plaintiffs who jointly filed an action below for a declaratory judgment of United States citizenship.[1] Wong Kwok Keung, one of the two alleged foreign-born sons of Wong Ho, an American citizen of Chinese ancestry,[2] won his case; the second Wong Kwok Wei, lost his case. Hence, the latter, sometimes hereinafter referred to as Wei, appeals.

1. Section 503 of the Nationality Act of 1940, 54 Stat. 1171, now repealed and substantially re-enacted in § 360 of the Immigration and Nationality Act of 1952, 66 Stat. 273, 8 U.S.C.A. § 1503. Section

405(a) of later act continues the former in effect as to pending litigation, 8 U.S. C.A. § 1101 note.

2. Suing under the provisions of Rev.Stat. § 1993 (1875), as amended.

The joint action was tried in the court below without a jury. Timely appeal was filed. This court has jurisdiction. 28 U.S.C. § 1291.

The facts are not complicated, but need some exposition. The alleged father, Wong Ho, is undisputably a United States citizen who lawfully resided in the United States prior to the birth of appellant, whether that birth took place in 1935, as appellant claims, or closer to 1941, as the Government claims. Appellant claims to have been born in China on April 30, 1935. If appellant was born in 1941, or thereabouts, Wong Ho could not have been his father. It was stipulated at the trial that Wong Ho remained in the United States at all times after his initial entry in 1914, except from December 10, 1921 to December 14, 1923, and from May 30, 1934 to June 23, 1937.

In 1950 both plaintiffs below filed with the American Consulate General at Hong Kong an application for a United States passport, claiming the same right of citizenship they rely on in this proceeding. A Consulate official denied their application, and they filed this action below.

At the trial the alleged father, Wong Ho, and two brothers, presently in this country, testified to the relationship. This testimony would have been accepted by the trier of fact as satisfactory[3] but for certain other evidence, some intro-

duced by the Government and some given by one of appellant's witnesses on cross-examination.

Over the objection of the appellant, the Government introduced in evidence the deposition of one Dr. Iain S. Bergius, a Medical Practitioner of Hong Kong, B.C.C. This physician, educated in Scotland with seventeen years of practice in Hong Kong, did not profess to be an expert in radiology, but because of special studies in biochemistry, microscopic technique, comparative anatomy, embryology and physical anthropology, had been requested by his medical partners to make some 680 X-ray examinations of Chinese to determine their age. He had taken X-rays of Wei on March 14, 1951. By deposition taken November 9, 1956, he testified it was his opinion and best estimate that Wong Kwok Wei was nine to ten years old at the time of the examination on March 14, 1951.[4] To his deposition (Defendant's Ex. C), there were attached the five X-ray views taken of appellant, upon which his opinion was based.

In an apparent effort to rebut this deposition testimony, the appellant produced as a witness George Jacobson, M. D., an eminently qualified local radiologist. His testimony corroborated that of Dr. Bergius. The trial judge so expressed himself. Using a different reference book,[5] standard in this country,

3. In summing up the evidence introduced during the course of trial, the lower court stated:

"Mr. Hertogs, as I said before, and I reiterate, and I hope if the case is taken up to the Circuit you will underline my reiteration, if it wasn't for this deposition, I would hold in favor of the plaintiff, because I was satisfied with the testimony of the plaintiff's witnesses. I would have held for the plaintiff from the bench, I wouldn't have had to study the record, because I was satisfied, but in the light of that deposition and the findings of the doctor, which has been substantiated by the doctor who testified today, I don't see how I can get around the finding as to his bone age."

4. Dr. Bergius was apparently a careful and conscientious witness. He refused

to state categorically that Wong Kwok Wei was *not* 15½ years old, but only that it was *"not very likely."* He explained his reasons for his opinion. He gave the medical authority he relied upon. He allowed for the recognized possible margin of error (½ year either way before puberty; 2½ to 3 years either way after puberty; 10 years either way after an attained age of 22 to 25). He specifically described from the X-rays he took what he was looking for, and what was missing (fusion of bony joint at trachlear center of the elbow joint).

5. Dr. Jacobson relied on the tables in Radiographic Atlas of Skeletal Development of Hand and Wrist, by Grulich and Pyle. Dr. Bergius relied on the tables by Flecker appearing in Glaister's Medical Jurisprudence and Toxology, 7th ed., 1942.

it was Dr. Jacobson's opinion that the X-rays of Wei's wrist taken on March 14, 1951 (Ex. C) showed an age of "somewhere between 10 and 11 years of age." "According to our standards, they [the X-rays] could not correspond to a normal boy at the age of 15." Plaintiff's Exhibit 13, taken on January 31, 1952 in San Francisco, showed the wrists of a person of an age of twelve years and six months. Plaintiff's Exhibit 14, taken of Wei's wrists on January 23, 1957 by Dr. Jacobson, presented a more difficult problem because of Wei's increased age. Dr. Jacobson estimated the age as seventeen to twenty-five years.[6] He, like Dr. Bergius, was careful and conscientious in the opinions he expressed.[7] That Wei was twenty-one years of age in January 1957 was "within the realm of possibility."

There were other facts in the record, but none crucial to this appeal. Most, but not all, supported appellant.[8]

Two points are raised by appellant. *One*, that Defendant's Exhibit C (the Bergius deposition with X-rays attached) was admitted in error, and *two*, that the conclusion of the district court on the facts was erroneous.

■■ We can quickly dispose of the second point.

This is not a case where the only testimony against the appellant is a "government expert" who has expressed an opinion based on "general suspicion" or a "slight difference between the age claimed and the age suspected or guessed at." [9] The citation of other immigration cases where on different facts the Commissioner or the courts have decided in favor of the immigrant, does not help us here.

The district judge indicated he was searching for some legitimate and honorable way to find that the preponderance of the evidence favored the appellant.[10] But this he could not do.

Appellee concedes that the burden of proof which plaintiffs must sustain in actions under section 503 of the Nationality Act of 1940 is an ordinary one. Wong Gong Fay v. Brownell, 9 Cir., 1956, 238 F.2d 1; Chow Sing v. Brownell, 9 Cir., 1956, 235 F.2d 602; Ly Shew v. Dulles, 9 Cir., 1954, 219 F.2d 413, 416. This rule was recognized by the court below.[11] However, it is equally clear that findings of fact by the trial court will not be set aside on appeal unless clearly erroneous. Fed.R.Civ.P. 52(a), 28 U.S.C.A.; United States v. United States Gypsum Co., 1948, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746; Lew

---

6. The tables used by Dr. Jacobson do not go beyond 18 years. See note 4, supra.

7. Testimony of Dr. Jacobson: "Well, let me answer the question this way. Supposing this boy corresponds to his age on the film as we have it here, both in Hong Kong and in this one taken in San Francisco, let's take the one in San Francisco, which is exactly five years ago. If he is 12 years old then, he could be 17 years now without any difficulty, according to these films, I mean this could represent the bones of a 17 year old boy at present, so that then there would be no discrepancy.
On the other hand, this could also represent the bones of a boy of 21 now, so that if that were true, then there would be a discrepancy. In other words, he could have accelerated growth, between the films of 1952 and the films of today. Now this [is] something, of course, I would have no way to judge. * * *"

8. For example, (a) the lack of any correspondence or money passing between the alleged father and son; (b) only one of the family group photographs taken in China showed appellant.

9. Cf. Kong Din Quong v. Haff, 9 Cir., 1940, 112 F.2d 96, 99, certiorari denied 311 U.S. 706, 61 S.Ct. 174, 85 L.Ed. 458.

10. "The Court: Mr. Hertogs, I wanted Dr. Jacobson here because I was rather of the opinion he was going to help your case. I felt his testimony would raise such a question in my mind, that it would be a matter of taking the opinion of one expert against another expert, but when your doctor comes in and verifies the finding of the first expert, then there is no difference of opinion." See, also, Findings VI and VII.

11. See, Finding of Fact VII and Conclusion of Law II.

**460**

Wah Fook v. Brownell, 9 Cir., 1955, 218 F.2d 924, certiorari denied 349 U.S. 944, 75 S.Ct. 872, 99 L.Ed. 1270; Attorney General of the United States v. Ricketts, 9 Cir., 1947, 165 F.2d 193.

*We find no clear error here.*

 As to the deposition of Dr. Bergius, while it is true that the appellant was not represented at its taking, it was taken on notice, and he had the opportunity to be represented at the taking, had he desired to do so. The deposition of Dr. Bergius was authorized, taken, and admitted under Fed.R.Civ.P. 26(d)(3), subdivision 2.

 We cannot agree that Dr. Bergius was not an "expert." He was. "A physician is not incompetent to testify as an expert merely because he is not a specialist in the particular field of which he speaks."[12] The weight to be given his testimony—*i. e.*, "how expert is the expert?" [13]—is another matter. That is purely a question of discretion for the trier of fact to determine.[14]

Dr. Bergius' testimony was not only as an expert, but as to matters of fact. For example, he was the only person who could identify the X-rays attached to the deposition as X-rays taken of appellant. This necessary foundation had to be established before their use either by the government or by appellant's counsel who showed them to his own expert, Dr. Jacobson, and asked for his interpretation of them.

 Nor was appellant *denied* the right of cross-examination. A Notice of Taking Deposition on Oral Examination was filed and served on counsel for appellant on October 5, 1956, over a month before the deposition was taken. No objection to this notice was interposed. Had appellant wished to avoid the expense of retaining counsel in Hong Kong to represent him at the taking of the deposition, he could have moved for an order of protection as authorized by Fed. R.Civ.P. 30(b). The court below might then have compelled appellee to proceed upon written interrogatories. Appellant objected to the deposition for the first time at trial. It was then too late for appellee to secure the essential testimony of Dr. Bergius or to identify the radiograph attached to his deposition by other means. By his inaction appellant waived the right of cross-examination. 26A C.J.S. Depositions § 68.

*Finding no error, the judgment of the district court is affirmed.*

---

12. Quoting from Sher v. De Haven, 1952, 91 U.S.App.D.C. 257, 199 F.2d 777, 782. See also, 20 Am.Jur. p. 727; 32 C.J.S. Evidence § 537 (1942).

13. Dr. Bergius' expertness was herein strengthened and confirmed by appellant's own expert, Dr. Jacobson.

14. E. L. Farmer & Company v. Hooks, 10 Cir., 1956, 239 F.2d 547, 553, certiorari denied, 1957, 353 U.S. 911, 77 S.Ct. 699, 1 L.Ed.2d 665; Atchison, Topeka and Santa Fe Ry. Co. v. Jackson, 10 Cir., 1956, 235 F.2d 390, 393–394; Pacific Live Stock Co. v. Warm Springs Irr. Dist., 9 Cir., 1921, 270 F. 555.