MATTER OF J—J—

In DEPORTATION Proceedings

A-8874489

*Decided by Board June 5, 1961*

Deportability—Effect of dismissal with prejudice of action under section 503, Nationality Act of 1940.

(1) Court's dismissal with prejudice of respondent's suit for declaratory judgment pursuant to section 503 of the Nationality Act of 1940 constitutes adjudication of his claim to citizenship on its merits.
(2) Respondent having been admitted with certificate of identity in nonimmigrant status for sole purpose of pursuing section 503 action, that action having been concluded adversely to him on the merits. and respondent having failed to depart on notice, further proof of alienage is not required to establish his deportability on "remained longer" charge.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—After admission as a nonimmigrant, who instituted court action under section 503 of the Nationality Act of 1940, remained longer than permitted.

## BEFORE THE BOARD

**DISCUSSION:** The issue in this case is whether respondent is deportable as charged. The appeal, which is by the examining officer of the Service, is from a decision of the special inquiry officer on February 28, 1961, terminating the proceedings on the ground that the government has failed to establish alienage. The appeal will be sustained.

The evidence herein on the issue of alienage is set forth in the special inquiry officer's opinion. Respondent, a 32-year-old male subject, a native of China (born 6–18–28), alleges that he is the son of J—T—, a United States citizen. The relationship of the subject to the alleged father, although claimed, has never been conceded by the United States Government. The alleged father and alleged paternal grandfather are conceded to be United States citizens. The subject and the alleged father have testified in the hearing. The subject asserted a claim to derivative citizenship under section 1993, Revised Statutes, as a defense to deportation.

320

The subject's only entry to the United States occurred on October 30, 1951, when he was admitted in the nonimmigrant visitor status (section 3(2), Immigration Act of 1924), at San Francisco, California, for the specified purpose of seeking a declaratory judgment in a suit filed pursuant to section 503, Nationality Act of 1940, to establish that he is a United States national. The civil action had been filed July 30, 1951, in the United States District Court, District of Columbia, entitled *Ju Jeung* v. *Acheson* (Civil Action 3108–51). The subject presented a certificate of identity issued by the United States Consul at Hong Kong, B.C.C., on October 9, 1951, predicated on the allegation that he had been denied a right or privilege as a United States citizen. He had been refused a United States passport on January 9, 1951. He had also established that suit (under section 503, Nationality Act of 1940) to determine that he is a United States national had been filed in the United States and was pending. He was admitted for the duration required to conclude the civil action, subject to the conditions and stipulations in the certificate of identity. The special inquiry officer stated in the premise that the subject is deportable if alienage is established. He reached the conclusion, following a complete summarization of the evidence, that alienage has not been established. On that finding the proceedings were ordered terminated.

The examining officer is of the opinion that the facts and documents in the record establish the respondent, foreign born, is *prima facie* an alien; that he was admitted to the United States in the nonimmigrant status to pursue his claim to United States citizenship in the courts; that he failed to litigate his suit or take any action to establish his claim, and permitted the suit to be dismissed by the court with prejudice; and that the evidence he has presented here is insufficient to overcome the fact that he was *prima facie* an alien at time of entry. *Matter of A—M—*, 7—332. The examining officer has noted that the United States consuls in Canton, China, and Hong Kong, B.C.C., were unconvinced of respondent's identity and the claimed relationship to the alleged father.

Service counsel joins the examining officer in the request to reverse the decision of the special inquiry officer. He has emphasized that the dismissal of the civil action with prejudice on June 4, 1953, in which the subject submitted no evidence to substantiate his claim to United States nationality, was, in effect, tantamount to a determination of the issue on its merits and that, as a matter of law and precedent, the government is not required to prove alienage in this proceeding which is for the purpose of directing the subject's

321

deportation, the same or similar to action taken by the Board in *Matter of W—K—W—*, 9—235.[1]

We hold that the government is not required to weigh and evaluate the evidence in this proceeding to determine the issue of alienage. To resolve the question of United States citizenship, this respondent, who was unable to prove to the United States consul abroad that he was a citizen, has had recourse to declaratory judgment proceedings in the United States (28 U.S.C. 2201). The judgment by the court "dismissed with prejudice," is in substance an adjudication of the issue (case) on its merits.[2] The recital in this

---

[1] In a similar proceeding to determine a similar issue, *Wong Ho* v. *Dulles*, 261 F.2d 456, the U.S. District Court, after considering the evidence of both the plaintiff and defendant, held that a Chinese subject had not established that he was a United States national. That decision, adverse to the plaintiff's claim, affirmed on appeal, constituted an adjudication of the issue on its merits and alone required the respondent's deportation in subsequent expulsion pr( ^edings. *Matter of W—K—W—*, 9—235 (B.I.A., 1961). Unlike the instant case, when dismissal of an action is voluntary, by the filing of a stipulation signed by all parties appearing in the action, the dismissal is without prejudice and not an adjudication on the merits unless otherwise stated in the notice of dismissal. (Rules of Civil Procedure, Rule 41(a)(1)). See also *Matter of T—*, 8—244 (B.I.A., 1959).

[2] Rules of Civil Procedure

Rule 41—DISMISSAL OF ACTIONS

a. VOLUNTARY DISMISSAL: EFFECT THEREOF.

(1) *By Plaintiff; By Stipulation.* Subject to the provisions of Rule 23(c), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. [As amended Dec. 27, 1946, effective March 19, 1948.]

(2) *By Order of Court.* Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

b. INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. * * * Unless the court in its order for dismissal otherwise specifies, *a dismissal under this subdivision and any dismissal not provided for in this rule*, other than a dismissal for lack of jurisdiction or for improper venue, *operates as an adjudication upon the merits.* [As amended Dec. 27, 1946, effective March 19, 1948.]

decision of the import of the court judgment in declaratory judgment proceedings, adequately disputes and overcomes any claim to citizenship asserted by the respondent.

We have stated the subject presented at time of entry a certificate of identity issued by the United States Consul in Hong Kong, B.C.C. That document, authorized by section 503, Nationality Act of 1940 (8 U.S.C. 903, now repealed), contained the subject's sworn statements to the effect that if granted the certificate for admission and the final outcome of the civil action should be adverse to his claim to citizenship, he would be subject to deportation if he failed to depart forthwith. Section 503, *supra*, also provided that a condition of the subject's admission to the United States would be that he should be subject to deportation if the civil action was adverse to his claim to United States nationality. We have recited the import of the judgment. Respondent has been notified to depart but has failed to do so. Admitted as a noncitizen he has remained longer than permitted and is deportable as charged.

**ORDER:** It is ordered that the decision of the special inquiry officer on February 28, 1961, terminating this proceeding, be withdrawn.

*It is further ordered* that the appeal be sustained and that the respondent be deported in the manner provided by law on the charge contained in the order to show cause.