Robert MANNING, Plaintiff-Appellee,

v.

NEW YORK TELEPHONE COMPANY, Defendant-Appellant.

No. 255, Docket 31608.

United States Court of Appeals
Second Circuit.

Argued Jan. 9, 1968.

Decided Feb. 1, 1968.

Frank A. Fritz, New York City (Thomas C. Platt, Averill M. Williams and Bleakley, Platt, Schmidt, Hart & Fritz, New York City, on the brief), for appellant.

E. Stewart Jones, Troy, N. Y. (Morris Hirschhorn, New York City, on the brief), for appellee.

Before SMITH, KAUFMAN and HAYS, Circuit Judges.

HAYS, Circuit Judge:

Robert Manning, a lineman employed by the Niagara Mohawk Power Company, fell from a utility pole in Massena, New York, suffering injuries which will leave him almost totally paralyzed for the rest of his life. A jury found that the accident resulted from the negligence of the New York Telephone Company, co-owner of the pole, and returned a verdict in the amount of $750,000.

Plaintiff claimed that his accident was caused by a loose step located on the west side of the pole. He testified that the step moved slightly when he placed his foot on it, causing him to lose his balance and fall. Defendant's witnesses, who were plaintiff's co-workers, testified that plaintiff was on the southeast side of the pole just prior to the accident; from this position plaintiff could not have used the step claimed to be defective.

■ The telephone company's principal contention on appeal is that the trial court's charge to the jury emphasized plaintiff's version of the accident while wholly ignoring defendant's version. We are satisfied that in the circumstances here presented the court's failure to refer explicitly to defendant's evidence is not cause for reversal. The references to plaintiff's version of the facts were very brief. Indeed, the trial judge stated early in his charge that he did not intend to go into the evidence in detail. Moreover, the manner in which plaintiff's version was presented in the charge was such that, to a jury which had heard the evidence and summations, the defendant's version must have been implicit.[1]

■ Appellant also claims that the court virtually directed a verdict for plaintiff by charging as follows:

"Now, seeing that the evidence satisfies you the step was loose and that the plaintiff stepped upon it and there

---

1. The following passages from the charge are illustrative:

"'Now, a critical and crucial dispute here, and I am sure you know it and are aware of it from the manner in which the evidence was presented, is whether this plaintiff, as he states in his complaint and as he testified here when he was a witness, was caused to lose his balance and fall when this top telephone step on this particular day, upon which he said he placed his foot, gave way and moved away from him * * * So the serious clash we have here, and this is narrowed in this respect, is of utmost importance.'
* * * * *
'* * * you must * * * be satisfied that the plaintiff placed his foot upon it (pole step) for assistance during his descent, and that its defective, loose condition proximately caused the fall * * *'

* * * * *
'* * * during the trial, we had the testimony about the use of leather gloves and not using the rubber gloves and the lack of training and several other things that related to the Niagara Mohawk Power Corporation's responsibility. You should consider those to find out and decide whether the accident was caused solely and wholly by those acts and conduct and whether this pole step, if you find that was involved in the accident which occurred, is proximate cause along with that negligence * * *'"
* * * * *
(Defendant's supplemental charge)
"No. 5 Even if you find that the pole step was defective, if the Plaintiff did not use it or his accident was not caused by such use, then your verdict must be for the Defendant."

was a substantial, proximate reason why he fell * * * "

After the trial the trial judge in editing the transcript of the charge, stated that he had used the word "assuming" and not the word "seeing." Defense counsel's failure to object at the conclusion of the charge not only supports the judge's view but prevents our acting even if we accept appellant's version. See Rule 51, F.R.Civ.P.

 Appellant complains of the admission of testimony relating to the condition of the pole step hole on dates as much as three years after the accident as evidence of the condition of the pole step hole at the time of the accident. Whether evidence of a subsequent condition should be admitted depends upon the time elapsed and the likelihood of a change in condition during that interval. Absent an abuse of discretion, a trial judge's decision to admit such evidence will not be disturbed on appeal. See Berwind White Coal Mining Co. v. City of New York, 48 F.2d 105 (2d Cir. 1931); Reading Co. v. Geary, 47 F.2d 142, 79 A.L.R. 226 (4th Cir.), cert. denied, 283 U.S. 844, 51 S.Ct. 492, 75 L.Ed. 1454 (1931); 2 Wigmore, Evidence § 437 (3d ed. 1940); Annot., 7 A.L.R.3d 1302 (1966). Here, the jury was not asked to infer a defective condition at the time of the accident from the fact of the subsequent defective condition alone. Plaintiff presented the testimony of a wood expert who testified that in his opinion the defective condition had been created at the time when the pole step hole was first drilled. Plainly the trial judge did not abuse his discretion in admitting the evidence.

It is urged, however, that the wood expert's testimony was without reasonable basis and incredible as a matter of law. On the present record we find no reason to depart from the usual rule that it is for the jury to determine the credibility of expert testimony. See Dicker v. United States, 122 U.S.App. D.C. 158, 352 F.2d 455 (1965), cert. denied, 383 U.S. 936, 86 S.Ct. 1067, 15 L.

Ed.2d 853 (1966); Wong Ho v. Dulles, 261 F.2d 456 (9th Cir. 1958).

Finally, appellant argues that it owed no duty to plaintiff because plaintiff was not an invitee with respect to its pole steps. However, a utility which is joint occupant of a utility pole owes a duty of reasonable care to employees of the other utility who use the pole. See Murphy v. Rochester Telephone Co., 208 App.Div. 392, 203 N.Y.S. 669 (4th Dep't 1924), aff'd mem., 240 N.Y. 629, 148 N.E. 735 (1925); New England Tel. & Tel. Co. v. Reed, 336 F.2d 90, 94 (1st Cir. 1964); Rose v. Missouri District Telegraph Co., 328 Mo. 1018, 43 S.W. 2d 562, 81 A.L.R. 400 (1931). The sole case cited by appellant, Chesapeake & Potomac Telephone Co. v. Bullock, 182 Va. 440, 29 S.E.2d 228 (1944), is readily distinguishable. There, the court recognized that the plaintiff was an invitee but denied recovery because the accident resulted from plaintiff's using as an aid in descending the pole a wire which was not intended for that purpose and which he had been instructed not to use.

Affirmed.