Robert A. Doren, Dennis J. Campagna, Flaherty, Cohen, Grande, Randazzo & Doren, P.C., Buffalo, N.Y., for defendant.

**Cindy LAUSON, Plaintiff,**

v.

**STOP–N–GO FOODS, INC., Defendant.**

**No. CIV–89–0030S.**

United States District Court,
W.D. New York.

Nov. 20, 1990.

### DECISION AND ORDER

(Motion *in Limine*)

SKRETNY, District Judge.

Defendant Stop–N–Go Foods, Inc. brings the present motion *in limine*, seeking the Court's permission to use as evidence in chief at trial the deposition testimony of Harold A. Mather, a non-party witness. In support of the motion, defendant submits the affidavit of its attorney, Robert A. Doren ("Doren aff."), a memorandum of law ("Memo") and a reply memorandum of law ("Reply Memo"). In opposition, plaintiff submits the affidavit of her attorney, Charles L. Davis ("Davis aff."), and a memorandum of law ("Davis Memo").

For the reasons discussed below, defendant's motion is denied.

## FACTS

On or about January 6, 1989, plaintiff Cindy Lauson commenced this action for sex discrimination against defendant, her former employer.

On or about August 1, 1989, Mr. Davis, plaintiff's attorney, served Mr. Doren, defendant's attorney, with a notice to take the deposition of Harold Mather, a former employee of defendant. The notice set the deposition for September 1, 1989 in Buffalo at Mr. Davis' office.

By letter dated August 7, 1989, Mr. Doren informed Mr. Davis that Mather lived in Florida and was no longer an employee of defendant, and therefore, could not be compelled to give testimony. Mr. Doren stated, however, that he would attempt to secure Mather's voluntary participation. (Doren aff., ¶ 5). Mr. Doren did so and scheduled the deposition, with Mr. Davis' approval, for September 15, 1989 in Tampa, Florida. (Doren aff., ¶ 6).[1]

On September 13, 1989, the attorneys met at 10:00 a.m. in Buffalo for the previously scheduled depositions of the plaintiff and Robert Pacer, plaintiff's former supervisor. Mr. Doren did not complete his examination of the plaintiff on September 13, and the attorneys agreed to continue plaintiff's deposition and depose Mr. Pacer on October 2, 1989.[2] However, Mr. Davis stated at that time that he did not wish to go forward with the Mather deposition scheduled for two days later in Florida until plaintiff's deposition was complete. (Doren aff., ¶ 10; Davis aff., ¶¶ 6–7). Mr. Doren objected to adjourning the Mather deposition because defendant had incurred non-refundable expenses in arranging it. (Doren aff., ¶ 10). In response, Mr. Davis withdrew plaintiff's notice to depose Mather, (Davis aff., ¶ 7; Exhibit 5, attached to Doren aff.), whereupon Mr. Doren informed Mr. Davis that he intended to proceed with the Mather deposition, with or without Mr. Davis' participation. (Exhibit 5, attached to Doren aff.).

Mr. Doren deposed Mather on September 15, 1989. Mr. Davis did not attend. Mr. Doren served Mr. Davis with a transcript of the deposition on October 16, 1989. Defendant now seeks to use the Mather deposition at trial, which is scheduled to commence on January 8, 1991.

## DISCUSSION

Fed.R.Civ.P. 32(a) states in relevant part:

At the trial ... any part or all of a deposition ... may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

... (3) ... (B) that the witness is at a greater distance than 100 miles from the place of trial....

The parties do not dispute that Mather lives in Florida, at a greater distance than 100 miles from this district. Nor do the parties dispute that plaintiff was not present or represented at the taking of Mather's deposition in Florida. At issue then is whether plaintiff had "reasonable notice" of the Mather deposition, so as to allow defendant to use it at trial.

Fed.R.Civ.P. 30(b)(1) states that "[a] party desiring to take a deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." *See Federal Aviation Administration v. Landy*, 705 F.2d 624, 634 (2d Cir.), *cert. denied*, 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983). Defendant argues that "the exchange of conversation and correspondence between Robert Doren and Charles Davis put Davis on unmistakable notice that Defendant would be deposing Mather." (Reply memo, at page 2). Further, defendant urges that Mr. Davis is precluded from objecting to use of the Mather deposition because he

---

1. The moving papers indicate that Mr. Doren secured Mr. Mather's participation, reserved a conference room at a Tampa hotel and arranged for a court reporter, copying Mr. Davis on confirming letters sent to Mather, the hotel and the court reporter during August, 1989.

2. Plaintiff's deposition was completed on October 2, 1989 and Mr. Pacer was deposed on October 2 and October 11, 1989.

did not promptly pursue remedies available to him under the Federal Rules. Finally, defendant argues that even assuming, *arguendo*, that defendant failed to give sufficient written notice, the Court should disregard such defect pursuant to Fed.R. Civ.P. 61. In the alternative, defendant moves for expenses and attorneys' fees under Fed.R.Civ.P. 30(g)(1).

Plaintiff claims that he never received notice in writing of Mr. Doren's intention to depose Mather (Davis aff., ¶¶ 7–8), that Mr. Doren "verbally stated" his intention to depose Mather on September 13, 1989 (*id.*, ¶ 10), whereupon Mr. Davis withdrew plaintiff's notice of the Mather deposition.

### Defendant's Compliance with Rule 30(b)(1)

There is no doubt that Mr. Davis had actual notice of the Mather deposition, in that Davis, by his own admission, had originally noticed the deposition in writing (Davis aff., ¶ 3) and agreed to the date and place. (*id.*, ¶ 5). Further, there is no doubt that Mr. Davis knew that Mr. Doren intended to question Mather at the deposition. However, when Davis withdrew plaintiff's deposition notice on September 13, and Mr. Doren insisted that he would go forward with the deposition, defendant became the "party desiring to take the deposition," and was thus required to give written notice to plaintiff in compliance with Rule 30(b)(1).[3]

This Court notes Mr. Doren's efforts in arranging for the voluntary participation of Mather for purposes of deposition, and various other related and attempted accommodations for plaintiff. It is indeed unfortunate that defendant incurred substantial expenses in the process. Perhaps Mr. Davis' withdrawal of notice virtually on the eve of the Mather deposition was not in the best traditions of the profession. Nevertheless, this Court is not in a position to question Mr. Davis' reasoning that because the deposition of plaintiff had not yet been completed, presumably, Mather's deposition would be premature. (Doren aff., ¶ 10). Nor can this Court interfere with

Mr. Davis' decision to withdraw notice of deposition. Such decision as to which witnesses plaintiff wishes to examine, equates to a decision as to which witness(es) to call or not call at trial; and this Court would be ill-advised to interfere in such a fundamental right.

For the above reasons, I therefore conclude that defendant did not comply with Rule 30(b)(1). That Mr. Doren had conversations with Mr. Davis about the deposition arrangements and that Davis in fact had knowledge of the deposition did not relieve defendant from the requirement of giving plaintiff "reasonable notice *in writing*" after Mr. Davis withdrew plaintiff's deposition notice. Written notice may be dispensed with only in the most unusual circumstances. *C & F Packing Company, Inc. v. Doskocil Companies, Inc.*, 126 F.R.D. 662, 678 (N.D.Ill.1989) (citing *F.A.A. v. Landy, supra*.). If, as happened here, waiver of written notice of deposition unexpectedly became necessary, application should have been made to the court for an appropriate order. Defendant made no such application in the instant matter.

Although the decision of whether or not to admit deposition testimony is within the district court's sound discretion, *Duttle v. Bandler & Kass*, 127 F.R.D. 46, 49 (S.D.N.Y.1989), the reasons proffered by defendant are not sufficiently compelling to warrant the exercise of discretion at this time so as to excuse defendant's noncompliance with the notice requirements of Rule 30(b)(1). While defendant's reasons establish that Mather's testimony may be relevant, such testimony apparently is a duplication of zone manager Robert Pacer's deposition which was completed on October 11, 1989. (Reply Memo, at page 4, citing Davis Memo, at page 3). Moreover, it has not been conclusively established that Mather will not cooperate and voluntarily travel to Buffalo to give testimony at the trial herein if requested to do so by defendant.

### Plaintiff's Alleged Failure to Make Timely Objections

Defendant also argues that plaintiff may not object to admission of the Mather depo-

---

**3.** It was plaintiff's August 1, 1989 notice that gave defendant the opportunity to attend the

deposition, make objections and cross-examine Mather. Fed.R.Civ.P. 30(c).

sition because he failed to seek relief under Fed.R.Civ.P. 26(c), 30(b)(3), 32(d)(1) & 32(d)(3)(B). Defendant's argument, however, rests upon the assumption that plaintiff had been "duly noticed" for the deposition. (Memo, at page 6). Because I conclude that plaintiff did not receive proper notice of the deposition, defendant's argument must fail.[4]

*Rule 61*

■ Fed.R.Civ.P. 61 states in relevant part:

> The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Defendant argues that this portion of Rule 61 directs this Court to disregard defendant's failure to comply with Rule 30(a) because to do so "could not be labeled as substantially unjust." (Reply Memo, at page 4). Defendant cites no law in support of this interpretation of the rule.

This interpretation, however, misconstrues the nature of the harmless error doctrine, as embodied in Rule 61. The rule provides a standard by which the district court reviews errors and defects *in the proceedings* (i.e., the district court's own erroneous rulings or orders), not errors committed by the parties. When reviewing such errors, the court is to "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment, Inc. v. Greenwood*, 464 U.S. 548, 553, 104 S.Ct. 845, 848, 78 L.Ed.2d 663 (1984). *See also National Railroad Passenger Corp. v. One 25,900 Square Foot Parcel of Land*, 766 F.2d 685 (2d Cir.1985). Therefore, Rule 61 has no application to defendant's failure to comply with Rule 30(b)(3).

*Defendant's Request for Attorneys' Fees and Costs*

In the alternative, defendant moves to recover attorneys' fees and expenses it incurred in taking the Mather deposition pursuant to Fed.R.Civ.P. 30(g)(1). I defer deci-

sion on defendant's request until final disposition of this action.

## CONCLUSION

1. Defendant failed to comply with Fed.R.Civ.P. 30(b)(1) which requires the party desiring to take a deposition to give reasonable notice in writing to all other parties. Because of defendant's failure, plaintiff did not have "reasonable notice" of the Mather deposition within the meaning of Fed.R.Civ.P. 32(a). Therefore, the Mather deposition cannot be used as evidence in chief against plaintiff at trial.

2. Further, this Court does not bar defendant from using any *information* obtained from the Mather deposition in this litigation, subject of course to the Federal Rules of Evidence.

3. Finally, in the alternative, this Court leaves open to defendant the opportunity to make application to this Court to approve written notice for redeposition of Mather on an expedited basis, reasonably in advance of and so as not to delay the January 8, 1991 trial date already set herein.

## ORDER

Defendant's motion *in limine* hereby is denied.

Decision on defendant's motion for attorneys' fees and costs it incurred in taking of the Mather deposition is deferred until final disposition of this action.

SO ORDERED.

---

**4.** Defendant cites *Wong Ho v. Dulles*, 261 F.2d 456 (9th Cir.1958) and *Houser v. Snap–On–Tools Corp.*, 202 F.Supp. 181 (D.Md.1962) in support of this contention. However, those cases did not involve the question of inadequate notice.