See also 815 F.Supp. 99.

Thomas J. Troiano, Huntington, NY, for plaintiff.

Reisman, Peirez, Reisman & Calica, David H. Peirez, Garden City, NY, for defendants.

---

**Irwin THALER, Plaintiff,**

v.

**PRB METAL PRODUCTS, INC., et al., Defendants.**

**No. CV 91–2563.**

United States District Court, E.D. New York.

Jan. 19, 1993.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Irwin Thaler, plaintiff in the instant case, seeks recovery under CERCLA, 42 U.S.C. § 9607 for response costs allegedly incurred in connection with an alleged environmental clean-up of his property which was classified as an inactive hazardous waste site by the New York State Department of Environmental Conservation. Now before the Court is defendants' motion, pursuant to Rule 39(a) of the Federal

---

Rules of Civil Procedure, to strike the jury demand. For the reasons stated below, the motion is granted.

On or about July 15, 1991, when plaintiff filed the summons and complaint in this action, he demanded a trial by jury. Defendants' answer and two amended answers also included demands for a jury trial. However, defendants now contend that there is no right to a jury trial in a case brought under 42 U.S.C. § 9607 because the only relief available is equitable in nature. All courts which have considered the issue agree with that position, *see e.g., United States v. Northeastern Pharmaceutical*, 810 F.2d 726, 749 (8th Cir. 1986), *cert. denied*, 484 U.S. 848, 108 S.Ct. 146, 98 L.Ed.2d 102 (1987); *United States v. Dale H. Dickerson*, 640 F.Supp. 448, 453 (D.Md.1986); *United States v. Ward*, 618 F.Supp. 884, 913 (D.C.N.C.1985), and plaintiff does not dispute it.

Nevertheless, relying on Rules 38(d) and 39(c) of the Federal Rules of Civil Procedure, plaintiff argues that because both parties initially demanded a jury trial, defendants cannot unilaterally withdraw their consent at this time. Rule 38(d) states that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties." *See also Palmer v. United States*, 652 F.2d 893, 896 (9th Cir.1981) (applying Rule 38(d)); *Saldivar v. Cadena*, 622 F.Supp. 949, 962 (W.D.Wis.1985) (same). Under Rule 39(c), courts have found authority for conducting jury trials where there is no right to such a trial, but the parties have consented to it. *See Bereda v. Pickering Creek*, 865 F.2d 49, 52 (3d Cir.1989); *Whiting v. Jackson State University*, 616 F.2d 116, 122–23 (5th Cir.1980); *Stockton v. Altman*, 432 F.2d 946 (5th Cir.1970).

This Court finds, that plaintiff's authority is entirely inapposite. Rule 38, by its very title, applies solely to cases in which the parties have a right to a jury trial under the Seventh Amendment. Rule 38(a). As discussed above, no such right exists in the instant case.

Moreover, although a federal district court has the power to conduct a jury trial in cases where there is no constitutional right to a jury trial where there is consent of both parties, plaintiff cites no authority for the proposition that such consent cannot be withdrawn prior to trial. In *Bereda, Whiting* and *Stockton*, upon which plaintiff relies, the courts specifically found that both parties had agreed to a jury trial and no objection was made prior to the verdict. *Bereda*, 865 F.2d at 52; *Whiting*, 616 F.2d at 123; *Stockton*, 432 F.2d at 949–50. In contrast, defendants in the instant case seek to withdraw their consent before the jury is even chosen. Furthermore, in *Zittrouer v. Uarco Inc. Group Ben. Plan*, 582 F.Supp. 1471, 1477 (N.D.Ga.1984), the court held that the defendant's withdrawal of its request for a jury trial in an ERISA action, where a right to a jury trial did not exist, required that the case be tried before a judge. *See also Lauson v. Stop–N–Go–Foods, Inc.*, 133 F.R.D. 92 (W.D.N.Y.1990).

Accordingly, because there is no right to a jury trial in this case and defendants have, by the instant motion, withdrawn their consent to such a trial, defendants' motion to strike the jury demand is granted.

SO ORDERED.