### MASTERS v. GRAND TRUNK WESTERN RAILROAD COMPANY.

1. STATUTES—RAILROADS—WARNING SIGNS—PUBLIC HIGHWAY.
    Amendment of vehicle code in 1958 was designed to restrict railroad signs or signals on public highways to such as are erected by authority of a statute, public body, or official, and no longer permits them to be authorized by a railroad (CLS 1961, § 257.615).

2. SAME—WARNING SIGNS—PUBLIC HIGHWAY.
    Statute restricting erection of railroad signs or signals to those erected by authority of statute, public body, or official does not absolve the railroad from its common-law duty of reasonable care at its crossings with public highways, but it cannot be held accountable for failure to erect signs where choice of whether or not to erect them is precluded by statute.

3. SAME—WARNING SIGNS—NEGLIGENCE.
    Statute restricting erection of railroad signs or signals to those erected by authority of statute, public body, or official defeats a claim of negligence in not erecting signs rather than imposing a defense to a valid claim and is properly brought before the court in a motion for summary judgment rather than being made an affirmative defense in action against the railroad for negligence (CLS 1961, § 257.615; GCR 1963, 117).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 44 Am Jur, Railroads § 399.
[4] 44 Am Jur, Railroads § 493 *et seq.*

4. NEGLIGENCE—COLLISION—EVIDENCE.

Evidence in action against railroad for damages arising from death in collision of automobile and train that train had its oscillating headlight burning, that its whistle blew 6 or 7 times as it approached the crossing, that it began whistling at least 1500 feet back, and that its whistle blew continuously for at least 25 to 30 seconds *held*, sufficient for jury to properly conclude there was no negligence of the railroad.

Appeal from Macomb, Carroll (Howard R.), J. Submitted Division 2 February 29, 1968, at Lansing. (Docket No. 3,065.) Decided August 28, 1968. Rehearing denied October 10, 1968.

Complaint by Joan Masters, administratrix of the estate of Jerry Russell Masters, against Grand Trunk Western Railroad, a Michigan corporation, for damages arising from death in a collision of automobile and train. Verdict and judgment of no cause of action. Plaintiff appeals. Affirmed.

*Grossbart & Megerian,* for plaintiff.

*Earl C. Opperthauser (Matthews, Nank & Spier,* of counsel), for defendant.

MILLER, J. This is a railroad crossing death case. The collision occurred on January 29, 1963. Trial by jury resulted in a verdict of no cause of action. The present challenge is directed primarily to the court's instruction that the common law liability of railroads as expounded in *Emery* v. *Chesapeake & Ohio Railway Company* (1964), 372 Mich 663 and *Baldinger* v. *Ann Arbor Railroad Company* (1964), 372 Mich 685, was modified by PA 1949, No 300, § 615, as amended by PA 1958, No 98 (CLS 1961, §

257.615; Stat Ann 1960 Rev § 9.2315)[1] pertaining to official railroad signs and signals. This statute was interpreted in *People v. Grand Trunk Western Railroad Company* (1966), 3 Mich App 242. In that case, the railroad appealed a conviction for erecting signs in violation of the statute based on its common law duty to maintain crossings in a safe condition. We there held (p 246):

"It is evident from the changes made by the 1958 amendment that the legislature meant to restrict official railroad signs or signals to such as are erected by authority of a statute, public body, or official, and no longer permits the same to be authorized by a railroad."

The trial court's interpretation of the statute was strict and did not deprive the plaintiff of jury consideration concerning the common-law duties of a railroad to act in a manner that a jury might find

---

[1] Sec. 615. (a) Except with authority of a statute or of a duly authorized public body or official, no person shall place, maintain, or display along any highway or upon any structure in or over any highway any sign, signal, marking, device, blinking, oscillating or rotating light or lights, decoration or banner which is or purports to be or is in imitation of or resembles or which can be mistaken for a traffic control device or railroad sign or signal, or which attempts to direct the movement of traffic, or which hides from view or interferes with the effectiveness of any traffic control device or any railroad sign or signal, and no person shall place or maintain nor shall any public authority permit upon any highway any traffic sign or signal bearing thereon any commercial advertising.

(b) No person shall place, maintain or display along any highway any blinking, oscillating or rotating light or lights sufficiently similar in color and design that they may be mistaken for the distinguishing lights authorized by law for emergency vehicles or that creates a hazard for the safety of drivers using said highways.

(c) Every such prohibited sign, signal, marking, device, decoration or banner is hereby declared to be a public nuisance and the authority having jurisdiction over the highway is hereby empowered to remove the same or cause to be removed without notice.

(d) Decorations or banners which may be placed over the traveled portion of any street or highway shall be placed not closer than 10 feet on either side of traffic lights or signals and shall be so placed as to not obstruct a clear view of such traffic lights or signals.

reasonable under the circumstances, but merely absolved the railroad from a duty to install additional signs and signals. In addition to giving the substance of plaintiff's requests on general common-law duties and definitions of negligence, the court instructed the jury in substance that if the crossing was found by them to be unusually dangerous, outlining the facts and circumstances that could make it such, the railroad must meet the peril by commensurate precautions, but that because of the statute it was not required to post additional warning signs.

The court properly advised the jury that the duty to maintain crossings in a reasonably safe condition was not abrogated by the statute. Such other means might include a flagman, whistles or other efficient local warnings as discussed in *Bauman v. Grand Trunk Western Railroad Company* (1965) 376 Mich 675. Unlike that case, however, here the issues were presented to the jury and it found no cause of action. The charge as given fairly reflects the principle that while a railroad is not absolved from its common-law duty of maintaining its crossings in a reasonable manner, it cannot be held accountable for the failure to erect signs where such choice of whether or not to erect is precluded by statute. In *People v. Grand Trunk Western Railroad Company,* we said (p 248):

"This common-law duty does not give railroads the privilege of violating the statutory law of our State, but does require them to take such action as the law permits; *i.e.,* where a dangerous grade crossing exists and the signs or warnings present are deemed insufficient by a railroad, it may request the proper highway authorities or the public service commission as provided by law for the authority to remedy the situation. Such common-law duty of railroads is

not confined merely to signs and traffic-control devices."

Plaintiff also contends that the defendant railroad should have pleaded the above statute as an affirmative defense. Defense counsel did make a motion for partial summary judgment (GCR 1963, 117.2) based on this statute. The court ruled that it would be covered in the final charge as it was. The jury returned a verdict of no cause of action. The statute merely modifies the scope of the duty, which is plaintiff's obligation to prove. It is not the type of defense listed in GCR 1963 111.7 as affirmative defenses. The statute does serve to defeat a claim rather than to impose a defense to an otherwise valid claim and was thus properly brought as a motion for summary judgment. There was no surprise and no error.

It is next urged by the plaintiff that the railroad should have applied for permission from the Michigan public service commission to erect additional signs.[2] This constituted an entirely separate theory of negligence which the trial court ruled, and properly so, was beyond the scope of the pleadings.[3]

There was substantial evidence that the train had its oscillating headlight burning, that its whistle blew

[2] In the agreed statement of facts it appears that on November 16, 1962, the Michigan public service commission made an inspection of this crossing, with due notice to highway, police, and railroad authorities. This was only 2 months before the accident. The finding was as follows:

"Present roadway conditions and traffic, combined with the possibility of road improvement in the future, cannot be deemed such as to justify the installation of automatic protection. Change in roadway construction, to permit more traffic at higher speed, should justify further consideration of these crossings."

The agreed statement of facts went on to state that no material changes occurred between the inspection and the accident.

[3] The only allegation of negligence was as follows: "That the defendant, Grand Trunk Western Railroad, a Michigan corporation, had a duty to maintain its railroad crossings in such a manner and in such a condition as to adequately warn members of the general public of an approaching railroad engine."

6 or 7 times as it approached the crossing, and that it began whistling at least 1500 feet back.` The whistle blew continuously for at least 25 to 30 seconds. The jury could properly conclude that there was no negligence.

Affirmed. Costs to appellee.

McGREGOR, P. J. and J. H. GILLIS, J., concurred.