Dorothy KESSLERING, Executrix of the Estate of Carl C. Kesslering, Deceased, Plaintiff,

v.

The CHESAPEAKE & OHIO RAILWAY COMPANY, a Foreign Corporation, Defendant.

Civ. A. No. 5–71384.

United States District Court, E. D. Michigan, S. D.

June 27, 1977.

Walter J. Federlein, Federlein & Grylls, Troy, Mich., for plaintiff.

George G. Kemsley, Bodman, Longley, Bogle & Dahling, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

Plaintiff's decedent died as a result of injuries sustained when the car he was driving crashed into an abutment of a grade separation structure near Brighton, Michigan. The grade separation structure carried the tracks of the defendant, the Chesapeake & Ohio Railway Company (the "railroad"), over Michigan State Trunkline Highway U.S. 23. The structure had been built pursuant to an agreement entered into between the railroad and the Michigan State Highway Department on January 11, 1960 and approved by the Michigan Public Service Commission on January 21, 1960.

It is plaintiff's contention that the crash was the result of the negligent design, construction and maintenance of the grade separation structure. In particular, the complaint alleges that the provision for drainage of water was inadequate, causing water to drain down the bridge embankments and collect in the roadway rendering the highway slippery. Further, it is alleged, the concrete pillars supporting the grade separation structure were in such close proximity to the travelled portion of the roadway as to create a traffic hazard. Plaintiff also complains of the lack of any guards, barriers or other protective devices which would prevent vehicles from colliding with the concrete pillars.

The railroad has moved for summary judgment arguing that it has not breached any duty that it owed to the plaintiff. For the reasons discussed below, the court agrees and the motion for summary judgment is granted.

The plaintiff contends that the railroad should be held liable for two reasons. First, the railroad undertook to design, construct, or maintain the structure or supervise these steps by virtue of its agreement with the state highway department and did so negligently. Second, the railroad as the landowner should be held liable for the dangerous condition created by the grade separation structure.

█ In support of its first contention, the plaintiff has offered portions of the agreement between the railroad and the state highway department. When those passages are read in their entirety, along with a full and fair reading of the total agreement, they indicate conclusively that the railroad had no authority to act or supervise in the design, construction or maintenance of those aspects of the structure complained of by plaintiff. The agreement narrowly limits and defines the rights of the railroad. It was to be involved only in those decisions and actions which directly affected its operations. The agreement can provide no basis for holding the railroad liable as claimed by the plaintiff.

█ Plaintiff argues that the railroad should be held liable as a landowner. It is true that the grade separation structure was built on the railroad's right of way. By the agreement, the railroad conveyed to the state highway department an easement for the purpose of a highway.[1] Those facilities of the grade separation structure com-

---

1. Section 13 of the Agreement reads as follows: "That, in consideration of the sum of One Dollar ($1.00) and other good and valuable considerations and of the construction and completion of the PROJECT herein provided for pursuant to the terms and conditions of this Agreement, the RAILROAD does hereby agree to grant and convey to the HIGHWAY DEPARTMENT, by a separate instrument in recordable form, a properly described easement for highway purposes across its right of way and track, for so long as the same may be required in connection with said highway; said easement to be described in conformity with the PROJECT requirements as indicated in Exhibit A. In addition, the RAILROAD hereby grants to the HIGHWAY DEPARTMENT additional easements as may be necessary for the construction and maintenance of slopes and drainage facilities. It is expressly understood that the RAILROAD will not have vehicular access from its abutting property to said highway, except by the use of public highways."

plained of by plaintiff were built by the state highway department in the use of its easement. The general rule in Michigan as elsewhere is that the owner of an easement, rather than the owner of the servient estate, has the duty to maintain the easement in a safe condition so as to prevent injuries to third persons. *Harvey v. Crane,* 85 Mich. 316, 48 N.W. 582 (1891); *Fry v. Kaiser,* 60 Mich.App. 574, 232 N.W.2d 673 (1975); *Levy v. Kimball,* 50 Haw. 497, 443 P.2d 142 (1968); *Wells v. North East Coal Co.,* 274 Ky. 268, 118 S.W.2d 555 (1938); *Archambault v. Williams,* 359 Mass. 742, 268 N.E.2d 926 (1971).

In *Levy, supra,* 443 P.2d at 143, the court noted in its official syllabus: "Control over the easement and *not ownership of the property* determines who is liable for injuries resulting from a failure to maintain and repair the easement." [emphasis added]. It is clear from the agreement that the state highway department had control over the portions of the grade separation structure of which the plaintiff complains. The railroad has no liability based merely on its ownership of· the servient estate.

Finally, plaintiff claims that the railroad had a duty to warn persons using the highway of the allegedly dangerous conditions. Apparently, the plaintiff would have the railroad held liable for not constructing a traffic sign warning oncoming cars. Although the railroad would not be permitted to erect such a sign without governmental approval, M.C.L.A. §· 257.615, and could be held criminally liable for so doing without such permission, *People v. Grand Trunk W. R. Co.,* 3 Mich.App. 242, 142 N.W.2d 54 (1966), plaintiff perhaps would argue that the railroad had the duty to at least apply for permission to erect such a warning sign and that failure to so petition was a negligent omission. See *Masters v. Grand Trunk W. R. Co.,* 13 Mich. App. 80, 163 N.W.2d 661 (1968). However, this would attach liability where none belongs. Having found that the railroad should not be held liable for the undertaking of another, to then fix liability on the railroad for failing to warn of the alleged

negligence of the other party would be unfair. The railroad should not be held liable by this back door method.

Accordingly, the defendant's motion for summary judgment is granted.

So ordered.