FREDERICK K. Y. GOO *v.* T. C. GOO, KNOWN AS GOO TAI CHONG, ALSO KNOWN AS AKAI; LILY T. GOO, KNOWN AS MRS. GOO TAI CHONG, LEE CHAN, YOUNG CHUN AND LEONG YET CHO.

No. 2476.

SUBMITTED OCTOBER 11, 1943.           DECIDED OCTOBER 15, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

This is an action in assumpsit based upon, as stated in the amended complaint filed May 31, 1938, a promissory note dated March 10, 1917. The note purported to be signed by the defendants Lily T. Goo, her husband T. C. Goo (Goo Tai Chong), Leong Yet Cho, and two others who were absent from the jurisdiction and were not served. The note was payable to the order of Goo Wan Hoy on demand, and was by him assigned to the plaintiff without consideration other than for collection.

The answer of the defendant, Lily T. Goo, contained, besides a general denial, an allegation that the action is barred by the statute of limitations, and a notice of her intention to rely upon the defenses of illegality, fraud payment and the statute of limitations. Neither her hus-

band nor Leong Yet Cho, the other two defendants who were served, answered although they were both present at the trial and testified, one for the plaintiff and the other in support of the answer of Lily T. Goo.

Trial was had, jury waived, in October, 1940, and resulted in a decision that the note in suit was false and fraudulent, and judgment in favor of the defendants was accordingly entered. At the trial the plaintiff tendered Goo Wan Hoy as a witness. The defendants, by proper objection, raised the question of his competency to testify, it having been stipulated that theretofore, in March, 1918, he had been convicted of perjury, and in December, 1920, was granted a full and free pardon for said offense by the Governor of Hawaii. On the authority of *Goo* v. *Hee Fat*, 34 Haw. 123, the court sustained the objection. For the purpose of enabling the plaintiff to make an offer of proof, the tendered witness was examined and cross-examined in the presence of the court, without being sworn, from which it appears that had he been permitted to testify, his testimony would have been in sharp conflict with that of the defendants on the vital issues of the case.

The plaintiff duly excepted to the ruling sustaining defendants' objection. Plaintiff also excepted to the decision and judgment, and has properly presented the alleged errors in his assignment of errors accompanying his writ of error upon which the case is now before us.

In view of the fact that the decision of this court, upon which the circuit judge relied in holding that Goo Wan Hoy was not a competent witness, has since been overruled in *Goo* v. *Hee Fat*, 35 Haw. 827, it would serve no good purpose for us to discuss again the question of the effect of the unconditional pardon upon the competency of the tendered witness. After a full consideration of that question involving the same witness in the second hearing of the case of *Goo* v. *Hee Fat*, *supra*, it was de-

cided that the pardon restored his competency. It was therefore error (for which this court is responsible) for the circuit judge to reject his offer of proof.

The defendants have argued that, assuming error in the rejection of the offer of proof, the error was harmless. We are unable to agree that the error was harmless. The defendants gave evidence in support of their two defenses —forgery and the statute of limitations—tending to establish that their names were forged to the note and that the record of payments relied upon by the plaintiff to toll the statute of limitations was false and fraudulent. The offer of proof was directed to these two issues and we cannot assume that because of his impeachment by the former conviction of perjury his evidence, if received, would not have turned the scales. He was competent to testify; his credibility was for the trier of the facts. "Wrongful exclusion of evidence is far more likely to harm than is wrongful admission." *Kapiolani Estate* v. *Thurston*, 17 Haw. 312, 323; *Estate of Afong*, 26 Haw. 147, 160.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

*J. F. Gilliland* and *C. N. Tavares* for plaintiff, plaintiff in error.

*W. C. Moore* for defendants, defendants in error.