182 P.2d 931

**S. H. KRESS & CO. et al. v. SUPERIOR COURT OF MARICOPA COUNTY.**

No. 4978.

Supreme Court of Arizona.

June 23, 1947.

68

H. S. McCluskey, of Phœnix (John R. Franks, of Phœnix, of counsel), for petitioners.

Struckmeyer & Struckmeyer and Jack C. Cavness, all of Phœnix, for respondent.

Jennings, Strouss, Salmon & Trask, J. A. Riggins, Jr., and Henry S. Stevens, all of Phœnix, amici curiae.

STANFORD, Chief Justice.

This matter comes to us on an application for a writ of prohibition sought by S. H. Kress and Company and Clarence L. Wise, who are represented by the regular attorneys for the Industrial Commission of Arizona.

On or about the 24th day of May, 1946, George M. Seivert, by his guardian Frank J. Seivert, filed a complaint in the Superior Court of Maricopa County, Arizona, against S. H. Kress and Company and Clarence L. Wise. The basis for the action was that plaintiff was a minor, age thirteen, and therefore was employed unlawfully by defendant Wise, assistant manager of the defendant S. H. Kress and Company; that defendant corporation unlawfully permitted the said George M. Seivert to work for it; that the employment was negligence per se; and, while so employed, the said George M. Seivert was permanently injured and damages were accordingly sought through a common law action.

Separate answers were filed for Clarence L. Wise and the S. H. Kress and Company, claiming that S. H. Kress and Company was the boy's employer as defined by

Article 9, Chapter 56, A.C.A.1939, and that the said company had complied with the Workmen's Compensation Law by insuring all of its employees, including the plaintiff George M. Seivert under a policy issued by the Industrial Commission of Arizona, which policy was then in good standing.

The facts further show that at the time of the accident S. H. Kress and Company caused George M. Seivert to be taken to the hospital where all reasonable first aid was furnished and the Industrial Commission provided accident benefits, including medical, hospital, surgical and nursing expense. Thereafter the doctor in attendance made his report to the Industrial Commission; the injured child filed an application with the Commission for accident benefits and compensation, and the boy's mother made application for a change of physicians which was granted, and she ratified and approved the claims for benefits filed. Formal written claims were filed with the Industrial Commission for accident benefits and compensation under the law of Arizona, and the Industrial Commission thereunder paid for the hospital, surgeons, doctors, nurses, medicines, etc., but before paying compensation benefits, the Industrial Commission required the appointment of a guardian for the said George Seivert by the Superior Court of Maricopa County. Plaintiff Frank J. Seivert, father of the injured boy, was duly appointed the guardian ad litem for his son. However, Frank J. Seivert brought an action in the Superior Court, which is the cause of this application for writ of prohibition at this time, the petitioners for the writ herein claiming that the exclusive remedy of the plaintiff is under the provisions of the Workmen's Compensation Act of Arizona.

The issue, therefore, in this case is whether or not the compensation law is binding on minors illegally permitted to work.

Article 6, Sec. 6, of our Constitution, in part, reads:

"The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court; * * *"

Other states as well as Arizona have held that administrative boards and commissions created to administer such as the Workmen's Compensation Act have exclusive jurisdiction to determine all questions of fact and of law, including equitable remedies or defenses as they relate to compensation insurance, or related powers or matters, subject, of course, to the right of review as to whether the commission's orders were supported by evidence. A case from a state whose laws on this subject are similar to the State of Arizona, is the case of Employers' Liability Assur. Corp. v. Matlock, 151 Kan. 293, 98 P.2d 456, 459, 127 A.L.R. 461. The employee in this case was a minor. We quote:

" * * * A few inquiries may be helpful. Was it the intent and purpose of the compensation law to cover every phase of the injured employee's right to compensation and the intent to cover completely the procedure for obtaining that compensation? Was it intended to invest in one tribunal, subject to the right of appeal, the right to hear and the power to dispose of every phase and branch of a controversy involving a claim for injuries sustained by a workman in the course of compensable employment? We may state the question in another way. Was it intended the procedure outlined in the compensation act should be substantial, complete and exclusive, or was it intended that parties subject to the act, namely, the workman, employer or insurance carrier might institute separate and independent actions in common law courts in order to have adjudicated various breaches or issues of liability before exhausting the remedy provided by the compensation law? * * *"

* * * * * *

"This court has repeatedly asserted the well established principle that the workmen's compensation act establishes a procedure of its own, and that the procedure furnishes a remedy which is substantial, complete and exclusive in compensation cases. Echord v. Rush, 122 Kan. 260, 251 P. 1112; Id., 124 Kan. 521, 261 P. 820; Fougnie v. Wilbert & Schreeb Coal Co., 130 Kan. 410, 286 P. 396; Murphy v. Continental Casualty Co., 134 Kan. 455, 7 P.2d 84; Willis v. Skelly Oil Co., 135 Kan. 543, 11 P.2d 980; Austin v. Phillips Petroleum Co., 138 Kan. 258, 25 P.2d 581; Ketchell v. Wilson & Co., 140 Kan. 163, 165, 32 P.2d 865."

In support of his theory, respondent sets forth Article 18, Section 8, of the Constitution of Arizona, which reads in part:

"* * * provided that it shall be optional with any employee engaged in any such private employment to settle for such compensation, or to retain the right to sue said employer as provided by this constitution; * * *"

And it is his further contention:

"* * * that even though George M. Seivert may be considered to have been an employee under the terms of the Workmen's Compensation Act, he cannot be bound by his failure to elect to reject the provisions of the Act prior to injury. This contention is based upon the fact that by the terms of the Workmen's Compensation Act this minor was not sui juris. It is our further contention that since this minor was not sui juris, it would have been impossible for him to make any valid election under the Workmen's Compensation Act, and that the law will not imply, in the case of an unlawfully employed minor, an automatic acceptance of the terms of the Workmen's Compensation Act from a failure to reject the Workmen's Compensation Act prior to injury."

Respondent states that the Arizona Workmen's Compensation Act is unique and "In no other State is an illegally employed minor deemed an employee under the Act, and at the same time not made sui juris."

Respondent quotes from the case of Ortega v. Salt Lake Wet Wash Laundry, 108 Utah 1, 156 P.2d 885, where a section of the Utah Code, akin to our Sec. 56-974 has been construed by the Utah Supreme Court. Our Sec. 56-974 reads:

"Minor deemed sui juris.—A minor working at an age and at an occupation legally permitted shall be deemed of the age of majority for the purpose of this article, and no other person shall have any cause of action or right to compensation for an injury to such minor workman, but in the event of the award of a lump sum of compensation to such minor employee, such sum shall be paid only to the legally appointed guardian of such minor."

Respondent quotes from the Ortega case, supra [108 Utah 1, 156 P.2d 889] as follows:

"A further reason for holding the expression 'including * * * minors who are legally permitted to work for hire' to be an inclusion clause to definitely bring such minor within the meaning of 'employee' rather than an implied exclusion of 'minors not legally permitted to work for hire,' is found in Sec. 42—1—83. Under the law as it prevails in this state, a parent is entitled to the services of minor children and to recover in his own name and right compensation for services rendered for another by a minor child. In the absence of statute to the contrary a minor cannot in his own name and right maintain an action on such contract, although the employer is protected against claims of the parent if he pays the wages to the minor. Sec. 14—1—4. In short, generally speaking a minor is not sui juris, and could not, in his own name and right exercise options, make binding contracts or maintain or prosecute a claim or action for wages or injuries. *To enable minors not under statutory prohibitions to enter into lawful contracts for the rendering of personal service, and assure such minor, and incidentally the employer, the same protection as an adult rendering like service, Sec. 42—1—83 was enacted.* This section provides that minors working at an age permitted by law shall be deemed sui juris for the purposes of this title, and no other person shall have any cause of action, or right to compensation for an injury to such workmen. To insure harmony between this provision and Sec. 42—1—41 and remove any doubt that such minor under 18 is to be treated as an 'employee under the protection of the Compensation Act', the term employee was expressly made to include 'minors who are legally permitted to work for hire * * *'—that is, so it would include all persons who under the law applying to the act were sui juris. Minors legally permitted to work for hire are put in the same position before

the law as adults. All minors not legally permitted to work for hire are still under the disability of minority, in that they are not sui juris even for the purposes of the Act, and are not to be considered as limited in their remedies by the provisions of Sec. 42—1—57."

Accordingly it is the prime contention of the respondent that in light of the constitutional provision heretofore quoted, the child labor laws of our state and sections of our Workmen's Compensation Law that the child involved in this case was not sui juris to make a binding election before injury so as to make the Workmen's Compensation Act his exclusive remedy, and the writ of prohibition in this case should not issue since the Superior Court has jurisdiction to hear this case.

■ Statutes direct that the Superior Court has no jurisdiction to hear this case if the injured boy's exclusive remedy is under the Workmen's Compensation Act, for the right to appeal is by statute only, Barth v. Apache County, 18 Ariz. 439, 162 P. 62, and the only appeal given from an award of the Commission is by Sec. 56-972, A.C.A.1939:

"* * * any party affected thereby may apply to the Supreme Court of the state for a writ of certiorari to review the lawfulness of the award. * * *"

■ The status of George M. Seivert, the child involved in this action, is that of a minor illegally permitted to work for hire.

Sec. 56-301, reads:

"Employment of children under fourteen.—No child under fourteen (14) years of age shall be employed or suffered to work in, about or in connection with any mill, factory, workshop, or mercantile establishment, tenement house, manufactory or workshop, store, business office, telegraph or telephone office, restaurant, bakery, barber shop, apartment house, bootblack stand or parlor, or in the distribution or transportation of merchandise or messages; except that boys over ten (10) and under fourteen (14) years of age may be authorized by the board of trustees of the school district where such child resides, to sell papers or engage in other work outside of school hours, when, in the judgment of said board said work will not be harmful to the boy, either physically or morally."

Sec. 56-302 follows with a listing of a multitude of occupations in which children under sixteen years of age may not engage. Sec. 56-303 compels anyone hiring a minor child under sixteen to procure and post a certificate, said section, in part, reading:

"No child under sixteen (16) years of age shall be employed or suffered to work in, about, or in connection with any place or establishment named in the first section (§ 56-301) of this article unless the person employing such child procures and keeps on file an employment certificate as hereinafter prescribed, * * *."

While following sections provide that certificates shall issue only for minors that can properly be employed. Accordingly, the employment of any minor under fourteen years of age is illegal (except selling papers after school, etc.), and the employment of a minor under sixteen without a certificate is illegal. Since this minor was thirteen years of age at the time of the injury and there was no certificate issued he was illegally employed.

Sec. 56-929, A.C.A.1939, is, in part, as follows:

"The terms 'employee,' 'workman,' and 'operative,' as used herein, mean: * * *

"Every person in the service of any employer subject to this article as defined in the preceding section including aliens and *minors legally or illegally permitted to work for hire,* * * *." (Emphasis supplied.)

Therefore, while this boy was an illegally employed minor, he nevertheless was an "employee" within the terms of the Act.

Sec. 56-946, A.C.A.1939, is in part:

"The right to recover compensation pursuant to the provisions of this article for injuries sustained *by an employee* shall be the *exclusive remedy* against the employer, * * *." (Emphasis supplied.)

Being contemplated by the Act as an "employee" it must follow that the Act is this minor's sole remedy, if he agreed to be bound by it.

Sec. 56-944 states that all employees are conclusively presumed to come under the Workmen's Compensation Act unless they give notice to the contrary prior to injury. As we have already said, this boy is an "employee" and no notice being given to the contrary in his case, he is conclusively presumed to be bound by the Workmen's Compensation Act.

Common law may be changed by statute though it must be done expressly or by necessary implication. Here the necessary implication of our Workmen's Compensation Act is that the common law with reference to a minor's capacity to contract and his ability to break such contract has been changed. The legislature has seen fit to withdraw one of the historic protections of minors in return for giving them what it considered greater protection in the realm of employment.

Sec. 56-974, supra, defines minors who are of the age of majority for the purpose of the Act as minors "working at an age and at an occupation legally permitted" (which this boy was not), and it further says:

"* * * and no other person shall have any cause of action or right to compensation for an injury to such minor workman, * * *".

The respondent contends that this describes the minors who are *subject to the Act.* Actually its plain wording shows that what this section does do is to provide

that legally employed minors can have their own cause of action before the Board and collect their own money and need a guardian only for lump sum settlement. We read the statute to mean that by reverse implication illegally employed minors must be represented by a guardian before the Industrial Commission at all times. This section does *not* delineate which minors are subject to the Act, but instead describes how the legally employed minors as opposed to those "illegally employed" shall enforce their remedies under it. Any doubt that illegally employed minors are contemplated by the Act must be dispelled by Sec. 56-929 previously set out. Any other interpretation of these statutes would make them contradictory to each other, and the court must, if sound reason and good conscience will allow, construe statutes in harmony. State v. Jaastad, 43 Ariz. 458, 32 P.2d 799.

■ If this solution of the case seems to give protection to the company which illegally employes a minor by preventing said minor from suing at common law it is to be remembered that the Child Labor Act makes such act of the corporation a misdemeanor and levies a fine therefor, Sec. 56-316. If the fine is not big enough, it is for the legislature to enlarge it and not for the court to manipulate and force the construction of the Workmen's Compensation Act in such a way as to put extra teeth in the Child Labor Act.

In the Utah case, Ortega v. Salt Lake Wet Wash Laundry, supra, relied on by respondent, the statute there in question is quite different from our own. In discussing the California rule the Ortega case states:

"* * * California cases, it is true, hold that all minors who are injured in industry are limited by the act, even though such employment of minors be prohibited, *but such holding is based upon the express provision of its statute which defines 'employee' as 'including minors' without any limitations whatever.* Perusal of the cases leads to the conclusion that were the definition of 'employee' in their statute the same as ours, a different conclusion would have been reached by the courts." (Emphasis supplied.)

Thus the Utah court, itself, recognizes that under a statute which includes illegally employed minors as employee by implication (California) and one such our own which specifically so designates them, the rule is properly different.

In 1945 c. 65, the legislature of the State of Utah repudiated this decision by including in their definition of "employee" the words "whether legally or illegally working" and making workmen's compensation the sole and exclusive remedy.

When George M. Seivert applied for work with Kress and Company on June 5, 1944, he made a written application and stated therein that he was sixteen years of

age, having been born on March 9, 1928. He gave his weight as 140 pounds and his height as five feet nine inches. He was injured on the 22nd day of June, 1944. Thereupon, as heretofore related, the Industrial Commission took the matter in charge and for a period of considerable time he was under the control and payment by the Commission of all things necessary, and then the Commission, as stated, when it attempted to make a lump sum settlement in accordance with our law, required that a guardian ad litem be appointed. Up to this time through the mother acting regularly and the father acquiescing the Industrial Commission had assumed the field and it was not until the appointment of a guardian ad litem that it was known that the services and the jurisdiction of the Industrial Commission were no further wanted in this case.

In order that it may be understood that this court will not ordinarily assume jurisdiction by a writ of prohibition in a matter of this nature, we point out the exigencies of the case, the principle of which has so long lingered undetermined in this court, together with the lack of jurisdiction of the Superior Court under the circumstances, there being no common law remedy here, require the jurisdiction we now assume. We grant the issuance of the writ of prohibition as prayed for and direct the Superior Court of Maricopa County to proceed no further except to enter an order granting judgment to defendants in order that the injured child involved may have his remedy before the Industrial Commission of Arizona.

The alternative writ of prohibition is made peremptory.

LA PRADE and UDALL, JJ., concur.