HIDEYUKI KONO *v.* LUDWIG AUER *v.*
THE CITY AND COUNTY OF HONOLULU.

No. 4797.

SEPTEMBER 11, 1969.

RICHARDSON, C. J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

On June 7, 1964, at approximately 8:10 p.m. while defendant Ludwig Auer and his wife Ingrid were traveling makai on University Avenue, in Honolulu, defendant collided with a car driven by plaintiff Hideyuki Kono at the Date Street intersection. The Auers were traveling at 25 miles per hour which was the posted speed limit. Mrs. Auer testified that the traffic signal light facing them on University Avenue at the Date Street intersection was dark or blank. As the Auers approached the intersection,

a truck driven by Mr. Kono appeared out of Date Street. Mr. Auer applied his brakes but couldn't avoid the collision.

Plaintiff Kono, who was injured in the accident, was on duty as a trouble shooter in a Hawaiian Electric utility truck, was proceeding towards Kapahulu on Date Street and stopped at the intersection of Date Street and University Avenue behind another car driven by Mr. Kashiwamura. When the traffic signal light for the Date Street traffic turned green Mr. Kashiwamura proceeded and turned left going mauka on University. Mr. Kono, after looking to his left and right, and seeing no other cars, proceeded to enter the intersection. Mr. Kono did not see defendant Auer until a split second before the accident.

The investigating police officers, who arrived at the scene of the accident shortly thereafter, testified that the traffic lights at the intersection of Date and University were in proper working order.

Other witnesses testified that the traffic lights at the intersection were not functioning properly two to two and a half days after the accident.

Defendant Auer's deposition was not admitted into evidence.

Mr. Kono's medical bills connected with the accident were $195.51. His loss of wages amounted to $382.00.

The jury rendered a verdict in favor of Mr. Kono in the sum of $17,000.00.

## I.

Appellant has carefully argued that the trial court committed several reversible errors. This court concludes that one of the specified errors warrants thorough consideration: Did the trial court commit a reversible error by refusing to admit defendant Auer's deposition into evidence?

Admissibility of depositions is governed by H.R.C.P., Rule 26(d), which provides in pertinent part:

At the trial * * * any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or *who had due notice thereof,* in accordance with any one of the following provisions:

* * * *

(3) The deposition of a witness, *whether or not a party,* may be used by any party for any purpose if the court finds: * * * that the witness is *out of the Territory, unless* it appears that absence of the witness was *procured* by the party offering the deposition * * * * (Emphasis added)

Notice of taking Auer's deposition in Canada on March 28, 1968, was served on plaintiff Kono and filed March 11, 1968. Plaintiff did not seek a protective order as provided for in H.R.C.P., Rule 30(b). The deposition was taken at the time and place specified. Notice of filing the deposition was filed April 25, 1968. Although plaintiff Kono did not attend the taking of the deposition, he "had due notice" of the taking of it. H.R.C.P., Rule 5(b). *Wong Ho* v. *Dulles,* 261 F.2d 456, 460 (9th Cir. 1958); *Houser* v. *Snap-On Tools Corporation,* 202 F. Supp. 181, 188 (1962).

At the time of the trial, defendant Auer had moved to Canada. Obviously Auer was "out of the Territory" within the meaning of H.R.C.P., Rule 26(d)(3). Kono argues, however, that Auer's absence was "procured by the party offering the deposition" (namely Auer). The meaning of "unless * * * procured" has never been litigated in this Court.

Fed. R. Civ. P. 26 was the model for our Rule 26. It

contains an identical "unless procured" clause.[1] This clause has been litigated in the federal courts. In *Richmond* v. *Brooks,* 227 F.2d 490 (2d Cir. 1955), the trial court in New York refused to admit the deposition of the plaintiff, a resident of California. The appellate court reversed.[2] In *Weiss* v. *Weiner,* 10 F.R.D. 387 (D.Md. 1950), the defendant's deposition was permitted in evidence. Defendant had lived in the jurisdiction of the forum (Maryland) when the suit was filed but had moved to Florida by the time of the trial.[3]

In the instant case there is no evidence that the absence of appellant Auer was collusively instigated or induced by the party offering Mr. Auer's deposition.

---

[1] Fed. R. Civ. P. 26(d)(3):

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead; or 2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, *unless it appears that the absence of the witness was procured by the party offering the deposition;* or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used. (Emphasis added)

[2] [A] suitor not able to afford a New York trip should not be denied all remedy here. (227 F.2d at 492)

[N]o reason is apparent to justify a requirement that plaintiff must live in New York City—of course expensively, since that is the only mode of life there—awaiting the uncertain call of a case for trial * * * * (227 F.2d at 493)

The case is noted in 60 Harv. L. Rev. 1503 (1956).

[3] The court stated:

The word "procured" in this context would seem to imply that a party had collusively instigated or induced a witness to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined. (10 F.R.D. at 389)

Professor Moore supports the construction of the *Richmond* and *Weiss* cases, 4 Moore's Federal Practice 1667-1670 (2d Ed. 1968). See also Wright, 35 F.R.D. 39, 69 (1963).

## II.

First Circuit Court Rule 17(a)(1) requires that "each party shall disclose * * * the names and addresses of all witnesses that he *intends* to call." (Emphasis added)

Plaintiff-appellee Kono argues (1) that Auer's Pre-Trial Statement lists Auer as a witness, (2) that he relied upon this Pre-Trial Statement as a representation that Auer would appear as a live witness at the trial and for this reason he failed to attend the taking of Auer's deposition in Canada, and (3) that Auer's deposition was therefore properly excluded. The trial court accepted Kono's contention:

[T]he plaintiff, I think, in this case was lulled into believing that the defendant would be here on the day of the trial because you list him [in the Pre-Trial Statement] * * * *

We disagree. Rule 17 does not require a party to call every witness listed.[4]

## III.

Plaintiff-appellee Kono argues that the erroneous exclusion of Auer's deposition was "harmless error" under H.R.C.P., Rule 61.[5] We hold otherwise.

[4] The adverse party need not be ineluctably bound to use all of the witnesses at the trial, nor precluded from using other witnesses if their existence or the relevance of their testimony is discovered at a later time, if notice is given or circumstances otherwise justify it.

4 Moore's Federal Practice 1253-1254 (2d Ed. 1968). See *Clark* v. *Pennsylvania R.R.*, 328 F.2d 591, 593-594 (2d Cir.) *cert. denied*, 377 U.S. 1006 (1964). See also Judge Clark's discussion in 29 F.R.D. 454, 457-8 (1961). *Cozine* v. *Hawaiian Catamaran*, 49 Haw. 77, 96-97, 412 P. 2d 669, 681-682, (1966), specifically deals with a surprise witness.

[5] H.R.C.P., Rule 61 provides:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take

Mr. Auer's deposition describes the occurrence of the accident. Auer's deposition states that he first saw Mr. Kono's car when defendant was very close to the intersection, that the traffic light at the intersection was dark or blank, that there were houses on the right (west) side of the street, and that he did not know there was a traffic light there. This testimony is obviously central to a determination of Auer's negligence. Without Auer's deposition the jury could very well have placed undue reliance upon Mrs. Auer's deposition (which was allowed into evidence), which states that she knew there was a traffic light at the intersection, that she was very familiar with the intersection of University Avenue and Date Street, and that she saw Kono's truck well in advance of the accident. "[W]e cannot assume that * * * his evidence, if received, would not have turned the scales * * * * Wrongful exclusion of evidence is far more likely to harm than is wrongful admission." *Goo* v. *Goo,* 36 Haw. 530 at 532 (1943).[6]

Reversed and remanded for a new trial.

*Willson C. Moore, Jr. (Henshaw, Conroy & Hamilton* of counsel) for defendant and third-party plaintiff-appellant.

*Harold M. Fong (Edward Y. N. Kim* with him on the brief) for plaintiff-appellee.

*Richard H. Hirai,* Deputy Corporation Counsel, City and County of Honolulu (*Paul Devens,* Corporation Counsel, and *Harold K. C. Hu,* Deputy Corporation Counsel, with him on the brief), for third-party defendant-appellee.

---

such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

[6] See also *Bonacon* v. *Wax,* 37 Haw. 57 (1945).